## HOLLOWAY v. SHERMAN.

1. STATUTE CONSTITUTIONAL. The act to regulate the foreclosure of mortgages, approved April 7th, 1860, was not inconsistent with the provision of the constitution prohibiting the enactment of laws impairing the obligation of contracts.

*Appeal from Scott District Court.*

MONDAY, OCTOBER, 21.

*Grant & Smith* for the appellant.

*Bennett & Patten* for the appellee, relied upon *Greene* v. *Biddle,* 8 Wheat. 1; 4 Miller's Louis. R. 94; *Sturges* v.

*Crowninshield,* 4 Wheat. 122 ; *Bronson* v. *Kinsie,* 1 How. R.
4 Watts & Ser. 218 ; 4 Humph. Tenn. R. 13 ; *Chadwick* v.
*Morse,* 8 Watts & Ser. 49 ; *McCracken* v. *Hayward,* 2 How.
*Santo* v. *The State of Iowa,* 2 Iowa 165 ; *State of Iowa ex
rel. Weir* v. *The County,* Ib. 280 ; *Reed* v. *Wright,* 2 G.
Greene 15.

Lowe, C. J.—On the 7th day of April, 1860, an act to
regulate the foreclosure of mortgages became a law, by
publication, and was to expire by its own limitation, on the
1st day of January following.   This act declared, "that in
actions commenced, or to be commenced, between these two
periods of time, for the foreclosure of mortgages, the
defendants should not be held to answer therein, until the
expiration of nine months after the date of the service of
the original notice in such actions on the first defendant
served."

The plaintiff in his suit of foreclosure effected service
after said law had taken effect, but claiming the constitu-
tional invalidity of said act, insisted upon a judgment against
the defendant, at the succeeding term in course.   The de-
fendant resisting, the only point of controversy is, whether
the said act is valid under the constitution as to past con-
tracts of the description of those upon which the plaintiff
had brought suit.

Being unprepared to fix with precision the dividing line
between acts strictly remedial, and those impairing the ob-
ligation of contracts, we shall hold that the foregoing act is
valid, founding our opinion more upon precedent, than upon
principle ; and referring to the following cases to sustain the
decision.   8 Watts & Serg. 49 ; 1 Kernan 281 ; 9 Ala. 731 ;
2 Douglass 38, and 197.

We admit the difficulty of reconciling the opinion here
expressed, with some of the general principles laid down in
the case of *Rosier* v. *Hale et al.,* 10 Iowa 470.   Yet whilst

those principles are derived from, and founded upon the highest elementary authority, it will be remembered that we expressly limited our decision in that case to the particular facts making up its history, and not intimating any opinion upon other phases of the same subject, which we then anticipated would, and which have since arisen. That was a case involving the validity of the appraisement act, which was a radical change of the execution law for the collection and enforcement of a creditor's claim after judgment, and as affecting antecedent debts, it was held to be an infringement of the constitution.

The statute under consideration changed the law of procedure regulating the remedy before judgment, and simply gave to the defendant an enlarged time for answering, leaving the remedy of the plaintiff in all other respects just as it existed under the previous law.

Chancellor Kent's rule is, " That the constitution shall not be deemed violated so long as the contracts are submitted to the ordinary and regular course of justice, and the existing remedies are preserved in substance." Tested by the spirit and true intendment of this rule, which is about as definite as can be framed under the circumstances, it may well be doubted whether the plaintiff's remedial rights have been substantially interferred with by the provisions of said act. We find no adjudicated case that has carried the principle involved in this class of cases to that extent, and shall not be the first to push it beyond its present limits.

The judgment below will be affirmed.