## WATTS v. EVERETT.

1. **Judgment:** ACTION UPON: DEMURRER. An action cannot be maintained on a judgment rendered in a court of record in this state, within fifteen years from the time the judgment was rendered, without leave of court first obtained, and a petition in such a case which fails to allege that leave has been obtained is assailable by demurrer.

2. **Practice:** OVERRULING OF DEMURRER. Where a party excepts to the overruling of his demurrer and takes time to answer, but fails to answer, and allows judgment to be entered against him, he is presumed to stand upon the demurrer, and does not waive his objection to the court's ruling.

3. **Constitutional Law:** ABOLITION OF REMEDY. The abolition by legislative enactment of one of two remedies is not an impairment of the obligation of contract within the meaning of the constitution.

4. ——: REPEAL OF STATUTE: REMEDY. The repeal or change of a statute pertaining to the remedy does not impair the obligation of contracts entered into under the statute.

*Appeal from Monona Circuit Court.*

THURSDAY, DECEMBER 6.

ACTION upon a judgment rendered in the District Court for Allamakee county, in 1863. A demurrer to the petition was overruled and, defendant failing to further answer, judgment was rendered for plaintiff. Defendant appeals.

*W. Parish* and *G. W. McMillan*, for appellants.

*Monk & Selleck*, for appellee.

BECK, J.—Plaintiff's petition declares upon a judgment rendered in 1863, by the District Court of Allamakee county. It is not averred in the petition that plaintiff has obtained leave to prosecute the action, required by Code, § 2521, which is in these words: "No action shall be brought upon any judgment against a defendant therein, rendered in any court of record of this state, within fifteen years after the rendition thereof, without leave of the court, for good cause shown, and on notice to the adverse party. * * * *"

The demurrer is upon the ground that the facts stated in the petition do not entitle plaintiff to the relief demanded, in that it is not shown leave of court had been obtained, as required by the statute just quoted, to prosecute the action. The overruling of this demurrer is assigned as error, and presents the questions involved in this appeal.

1. The relief demanded in the petition is a judgment upon the record set out by plaintiff. The statute quoted declares

1. JUDGMENT: action upon demurrer.

that an action to obtain such relief cannot be prosecuted within fifteen years unless leave, as prescribed, be obtained. In the absence of such leave plaintiff, of course, is not entitled to the judgment sought in the petition. To show himself entitled to the relief, the leave to prosecute the action must be alleged. As it is not alleged, there are not sufficient facts stated in the petition to entitle plaintiff to recover. The leave to prosecute may not relate to the cause of action, it does relate to the right of plaintiff to prosecute the suit, and without it he is not entitled to the relief he claims, namely, a judgment upon the record. Code, § 2648, provides that the defendant may demur to the petition when the facts stated therein "do not entitle the plaintiff to the relief demanded." Under this section the petition in this case was properly assailed by demurrer for the defect pointed out.

The section of the Code just referred to differs from the corresponding section of the Revision, 2876, which provided that a petition could be assailed by demurrer when it does not state "facts sufficient to constitute a *cause of* action." Under such provision, it could well be held that a petition properly pleading a record of a judgment as a cause of action would be sufficient as against a demurrer. While the leave to prosecute the suit, though not pertaining to the *cause of action*, but to the *right to prosecute* the action, should be alleged, yet the want of averment of such leave could not be taken advantage of by demurrer; the defect should be assailed by motion. The New York case cited by plaintiff's counsel was decided under a statute similar to the section of the Revision referred to. See *Finch v. Carpenter*, 5 Abbott's Pr. Rep., 239.

II. The defendant excepted to the overruling of the de-

murrer and thereupon he had sixty days to answer the petition.

**2. PRACTICE:** But no answer was filed, and judgment by default
**overruling of** 
**.demurrer.** was entered against him. Plaintiff insists that by
taking leave to answer he waived objections to the ruling upon
the demurrer. No such rule, we think, prevails. His excep-
tion and failure or refusal to answer sufficiently indicated his
purpose to stand on his demurrer. The case differs from *Wil-
cox v. McCune*, 21 Iowa, 294. In that case a plaintiff demur-
red to an answer, and excepted to the ruling against him; but,
without indicating that he stood upon the demurrer, went to
trial upon all the issues raised by the answer. It was held that
as an issue was formed under the statute upon the answer de-
murred to, without further pleadings, which was determined
upon the trial, plaintiff thereby waived his exceptions to the
ruling upon his demurrer. The distinction between that case
and this are obvious.

III. Plaintiff insists that the statute requiring leave to be
obtained before suit can be brought upon a judgment, as it was
**3. CONSTITU-** enacted after his judgment was rendered, cannot
**TIONAL law:** be so applied as to affect his rights. He insists
**abolition of** 
**remedy.** that such an application would give it a retroactive
operation, and an effect to impair the obligation of the con-
tract existing in his judgment.

Prior to the statute in question, plaintiff had two remedies
upon his judgment: 1. He could enforce it by execution. 2.
An action could have been maintained upon it. The statute
takes away the second remedy. It in no manner affects the
*obligation* of the judgment. The judgment stands in all the
vigor and force it possessed before. It can be enforced against
all the property and rights of the defendant that were subject
to it before the statute. No delay in enforcing it is caused by
the statute. How can it be said that its obligation is impair-
ed? The statute simply takes away one remedy upon the judg-
ment, but leaves one that is complete.

IV. Inasmuch as the statute pertains to the remedy, and
in no manner impairs the obligation of the judgment, nor de-
**4. ——: re-** prives the plaintiff of his remedy, it may have a
**peal of stat-** 
**ute: remedy.** retroactive effect. This rule, we think, cannot be

disputed. *Schmidt v. Holtz*, 44 Iowa, 446; *Morse v. Gould et al.*, 11 New York, 281; *Watson v. N. Y. Cen. R. Co.*, 47 N. Y., 157; *Coriell v. Ham*, 4 G. Greene, 455; *Holloway v. Sherman*, 12 Iowa, 282; *McCormick v. Rusch*, 15 Iowa, 127.

The foregoing discussion disposes of all the questions made in the case. In our opinion the demurrer was erroneously overruled.

REVERSED.