COY CRAIG, Appellee, v. IRA E. WAGGONER et al., Appellants.

No. 42066.

September 25, 1934.

Miller, Miller & Miller, for appellants.

Henderson & Wilson, for appellee.

CLAUSSEN, J.—On March 2, 1925, appellants executed a note payable to appellee and on the same day made a mortgage to secure the payment of the note, covering certain land in Warren county, Iowa. The note and mortgage were delivered in due time. Appellants became in default upon the note and mortgage and on the 10th day of January, 1933, a petition to foreclose the mortgage was filed in the Warren district court, for the March term of said court which began on March 14, 1933. On March 11, 1934, and before return day, appellants filed an application asking that the cause be continued under the provisions of House File No. 193, of the Acts of the 45th General Assembly which now appears in the published acts of the General Assembly as chapter 182. Resistance was filed to the application assailing the constitutionality of the statute. The application was summarily overruled by the trial court and decree entered foreclosing the mortgage.

The record fairly brings before the court the question whether the statute is constitutional.

A majority of the court are of the opinion that the act is valid. The reasoning of the majority of the court in the case involving the constitutionality of chapter 179, Acts of the 45th General Assembly (Des Moines Joint Stock Land Bank v. Nordholm, 217 Iowa 1319, 253 N. W. 701) sustains the statute under consideration, for the character, objectives, and consequences of the two acts are practically the same. In a sense, the act under consideration can be the more readily sustained for it is more directly applicable to the remedy. This court has for instance sustained the constitutionality

878

of a statute granting continuances to soldiers while in the army. McCormick v. Rusch, 15 Iowa 127, 83 Am. Dec. 401. And see, also, Holland v. Dickerson, 41 Iowa 367; Hannahs v. Felt, 15 Iowa 141; Holloway v. Sherman, 12 Iowa 282, 79 Am. Dec. 537.

The trial court was in error in summarily denying the application for the continuance and in entering decree of foreclosure.

The writer is unable to agree with the majority of the court. The views expressed in my dissent in Des Moines Joint Stock Land Bank v. Nordholm, supra, appear to me to be as cogent now as when written. I am unable to yield controlling force to the thought that the statute is addressed to the remedy and consequently does not impair the obligation of contracts. Thus far we have adhered to the rule that a defendant has the right to make such defense as he may have to any action brought against him. No serious objection has ever been lodged against a statute giving a right to continuance to a defendant unable, for causes largely beyond his control, to present his defense. Matters of this kind are properly subject to legislative regulation. It is in this view that laws granting continuances on account of military service and for other reasons are sustained. The purpose of the present statute is not to permit a defense to be made, it is to cut down the rights of the mortgagee to the present enforcement of his contract. I would affirm.

The decree of the trial court is reversed and the cause remanded to the lower court with directions to set the application for continuance for speedy hearing and to conduct a hearing thereon and for further proceedings conformable with the facts and the statutes applicable thereto, including the one under consideration herein.—Reversed and remanded with directions.

MITCHELL, C. J., and EVANS, KINDIG, ANDERSON, and DONEGAN, JJ., concur in the result announced above.