R. E. Tusha, Appellee, v. Enos K. Eberhart et al., Appellants.

No. 42583.

October 23, 1934.

Herbert H. Hauge, for appellants.

C. A. Robbins, for appellee.

Kindig, J.—On or about March 1, 1919, A. C. and Nellie Scott, husband and wife, executed to the plaintiff-appellee, R. E. Tusha, or to his assignor, two promissory notes for $8,875 each. To secure these notes, the Scotts, on the same date, executed to the appellee, or to his assignor, a mortgage on certain farm lands in Madison county.

Thereafter, on May 15, 1920, the Scotts sold the land to the defendants-appellants, Enos K. Eberhart and Maude K. Eberhart, who assumed and agreed to pay the mortgage indebtedness. The notes were not paid when due, and accordingly the appellee, on November 15, 1933, commenced a suit in equity to procure a judgment for the amount thereof against the appellants and A. C. and Nellie Scott. In addition to his prayer for judgment against the parties named, the appellee asked for the foreclosure of the mortgage.

While the action was thus pending, the appellants appeared and duly and timely filed their motion asking the district court to continue the cause until March 1, 1935, by virtue of the provisions of chapter 182, Acts of the Regular Session of the Forty-fifth General

Assembly of Iowa. Whereupon, the appellee filed a resistance to the continuance of the cause under said act of the legislature, on the theory that the same is in violation of section 10, article I of the Constitution of the United States, and certain provisions of the Constitution of the state of Iowa.

Upon the issues thus raised, the district·court refused to grant the continuance. Accordingly, the appellants have appealed.

At the current term of this court, we held the act, now under consideration, constitutional in the case of Craig v. Waggoner, 218 Iowa 876, 256 N. W. 285. Moreover, an act relating to the extension of time for redemption under mortgage foreclosures was declared constitutional in Des Moines Joint Stock Land Bank v. Nordholm, 217 Iowa 1319, 253 N. W. 701. This last-named case is referred to, by way of analogy, in the recently decided Craig case, above mentioned.

No brief and argument has been filed for the appellee. There is nothing to indicate on what theory the appellee distinguishes between the points involved in the case at bar and the principles announced in the Craig and Nordholm cases. We cannot presume that a statute is unconstitutional. The burden of showing the unconstitutionality of a statute is upon the one who asserts such unconstitutionality. Loftus v. Department of Agriculture, 211 Iowa 566, 232 N. W. 412; Board of Supervisors of Pottawattamie County v. Board of Supervisors of Harrison County, 214 Iowa 655, 241 N. W. 14.

Under the circumstances, therefore, it appears that the appellants were entitled to a continuance, and the judgment of the district court must be, and hereby is, reversed.—Reversed.

MITCHELL, C. J., and EVANS, ALBERT, and DONEGAN, JJ., concur.