CONNECTICUT MUTUAL LIFE INSURANCE COMPANY of Hartford, Appellee, v. W. M. CLINGAN et al., Appellants.

No. 42533.

NOVEMBER 13, 1934.

Shangle & Legoe, and C. J. Lambert, for appellants.

C. M. Wyllie and Geo. B. Baker, and Geo. F. Heindel, for appellee.

· CLAUSSEN, J.—Appellee insurance company held a mortgage on land owned by appellants. This mortgage was foreclosed and the property was sold on execution. A receiver was appointed to take charge of the mortgaged premises during the period of redemption. Before a deed was issued to the holder of the certificate of sale, an application was made by appellants under the provisions of chapter 179, Acts of the 45th General Assembly, asking that the period of redemption be extended to March 1, 1935, and that no deed be allowed to issue until that date. This application was set down for hearing by the trial court. Subsequent to the date of the first order fixing a time for hearing, the ·hearing was postponed to a later date. When such date arrived the trial court made an order dismissing the application. This order was made prior to the filing of the opinion in the case of Craig v. Waggoner, 218 Iowa 876, 256 N. W. 285, in which this court upheld the constitutionality of chapter 182, Acts of the 45th General Assembly.

■ Appellee contends that chapter 179, Acts of the 45th General Assembly, is unconstitutional. This chapter has not heretofore been before the court. In view of the decisions of this court in Des Moines Joint Stock Land Bank v. Nordholm, 217 Iowa 1319, 253 N. W. 701, Craig v. Waggoner, supra, and Tusha v. Eberhart, 218 Iowa 1065, 256 N. W. 740, the constitutionality of the act is sustained.

There was, in truth, no hearing had upon the application. The record before us is peculiar in many aspects. We have examined it carefully in the light of all that is said of it by counsel for appellee and appellants. The conclusion cannot be escaped that at the time of the hearing court and counsel were of the opinion that the act was unconstitutional. Frankness compels the writer to state that such views were then entertained by him, and still appear to him to be sustained by reason. The situation, so far as the record is concerned, is much the same as in Craig v. Waggoner, supra.

■ In a resistance to the application appellee alleged that the defendants were not proper persons to whom the land should be leased for the reason that they had transferred all their property to the wife's father, and were insolvent. Appellee now insists that this allegation put in issue the standing of appellants as *owners* of the land. It contends that only an *owner* may have relief under the act. In a sense the allegation is that appellants are no longer the owners of the property. Still, no one can read the resistance and

reasonably conclude that appellee was raising a question concerning the ownership of the land by appellants and thus questioning their right to relief. The appellants were the owners of the land when the foreclosure proceedings were under way. We do not believe that the allegation above referred to put them under duty to prove the continuation of their status as such owners.

In the first instance the act provides that unless good cause to the contrary is shown the court shall order that no deed be issued by the sheriff. In the absence of any showing an order delaying the execution of the sheriff's deed would naturally result. We have reached the conclusion that the fact situation is such that the cause should be remanded to the trial court with instructions to set the application down for hearing and to hold a hearing thereon, and for such other proceedings and orders as the facts disclosed and the law, including the act under consideration, may warrant. It is so ordered.—Reversed and remanded, with directions.

MITCHELL, C. J., and STEVENS, ANDERSON, and KINTZINGER, JJ., concur.