Vincent Mudra et al., Appellees, v. T. Y. Brown et al., Appellants.

No. 42873.

April 2, 1935.

R. Brown, for appellants.

Marshall F. Camp, Adam Pickett and E. F. McEniry, for appellees.

Mitchell, J.—On September 28, 1933, the appellees filed a petition in the district court of Union county, Iowa, on a mortgage note for $7,000, dated March 1, 1930, asking for personal judgment against the appellants on said note, together with interest, costs, and attorney's fees. And they further asked for the foreclosure of the mortgage given to secure the same, on the real estate described in said mortgage; and that the court appoint a receiver to take charge of said real estate. Before return day the appellants filed their answer, setting up certain defenses, including an application for a continuance of the foreclosure proceeding, pleading under chapter 182 of the Acts of the Forty-fifth General Assembly. The cause came on for hearing on March 1, 1934, but for some reason or other, not appearing in the record, it was continued until the 28th day of March, and on that day the cause again came on for hearing. The appellees identified and offered in

evidence the note, mortgage, and proof as to unpaid taxes, and then rested. The appellants then offered in evidence the fact that they had purchased said property on March 1, 1930, for $12,500, paying $5,000 in cash and giving a mortgage for the balance of $7,000, this being the mortgage which it is sought to foreclose in the case at bar; that they owned the 240 acres adjoining the 80 and had operated same for a period of nineteen years; that they borrowed $1,700 from the First National Bank to pay interest and taxes upon this land; and that the rents which they had received had been used in the payment of the interest and taxes and in the repayment of money they had borrowed to pay interest and taxes.

The lower court refused to grant the continuance and entered judgment against the appellants, and ordered that the mortgage be foreclosed and special execution issue for the sale of said premises.

From said order and judgment appeal has been taken to this court.

This court has repeatedly held the moratorium statute constitutional and that mortgage debtors were entitled to the benefits of same when pleaded, unless for good cause shown, and the burden of proof is upon the mortgagee to establish the good cause. See Prudential Ins. Co. v. Brennan, 218 Iowa 666, 252 N. W. 497; Des Moines Joint Stock Land Bank v. Nordholm, 217 Iowa 1319, 253 N. W. 701; Craig v. Waggoner, 218 Iowa 876, 256 N. W. 285; Tusha v. Eberhart, 218 Iowa 1065, 256 N. W. 740.

Thus, in the case at bar it appears that the appellants asked the court before the return day, in a proper pleading, to continue this cause. The appellants having asked for the continuance as provided by the statute, there being no good cause shown why the continuance should not have been granted, it was the duty of the lower court to have granted the continuance, and in refusing to do so the court was in error.

The judgment and decree of the lower court must be, and it is hereby, reversed.

ANDERSON, C. J., and KINTZINGER, DONEGAN, PARSONS, POWERS, and HAMILTON, JJ., concur.