First Trust Joint Stock Land Bank of Chicago, Appellee, v. Lenore Hayes Jelsma et al., Appellants.

No. 43461.

June 19, 1936.

H. E. de Reus, for Lenore Hayes Jelsma and James S. Jelsma, Appellants.

Johnston & Shinn, for First Trust Joint Stock Land Bank of Chicago, Appellee.

H. E. de Reus, for James S. Jelsma, Appellant.

Johnston & Shinn, for First Trust Joint Stock Land Bank of Chicago, Appellee.

Lenore Hayes Jelsma, Appellee, pro se.

KINTZINGER, J.—In 1933, plaintiff appellee commenced an action to foreclose a mortgage securing a note of $7,000 against 80 acres of land in Marion county, Iowa. The note and mortgage were executed by the defendants herein on or about July 2, 1926, payable on an amortization basis. All payments on principal and interest were made up to August, 1931, at which time the indebtedness was reduced to $6,560. In 1930, the defendants sold the land under a contract of sale to one Rietveld, who failed to make the payments due on March 1, 1932, when the farm was returned to the mortgagors. The payments due in 1932 not having been made, plaintiff, the mortgagee, commenced this action to foreclose the mortgage. Before any judgment was taken, a motion for a continuance under the first Moratorium Act (Acts 45 G. A., ch. 182) was granted; a receiver was then appointed for the benefit of plaintiff, and the case continued until March 1, 1935.

On February 23, 1935, and before any decree of foreclosure was entered, defendants filed a motion for a continuance under the second Moratorium Act, known as Chapter 115 of the Forty-sixth General Assembly, asking that the case be continued until March 1, 1937.

On June 22, 1935, appellee filed a resistance to the motion on the following grounds: (1) that the mortgagors did not reside upon or operate the farm; (2) that they made no reasonable effort to pay or re-finance the mortgage; (3) that the mortgagors are insolvent and the mortgagee's security is inadequate; and (4) that there is no reasonable likelihood of the mortgagors' ability to get any financial advantage by further continuance.

The constitutionality of the act not being questioned, a consideration thereof is unnecessary.

Section 2 of the Moratorium Act in question provides that:

"In all actions for the foreclosure of real estate mortgages * * * in which decrees have not been entered * * *, the court, upon the application of the owner or owners of such real estate who are defendants in said cause, and shall upon hearing upon an application filed for a continuance, order said cause continued until March 1, 1937, unless good cause is shown to the contrary."

Under this statute this court has repeatedly held that the mortgagors are, upon an application, entitled to a continuance unless good cause to the contrary is shown, and the burden of proof is upon the mortgagee to establish such good cause by the evidence. Prudential Insurance Co. v. Brennan, 218 Iowa 666, 252 N. W. 497; Craig v. Waggoner, 218 Iowa 876, 256 N. W. 285; Tusha v. Eberhart, 218 Iowa 1065, 256 N. W. 740; Mudra v. Brown, 219 Iowa 867, 259 N. W. 773.

I. One of the grounds of resistance urged is that the mortgagors do not reside upon or operate the farm. At the time this application was filed, the farm, by consent of both parties, was in the possession of and controlled by a receiver for the benefit of appellee; it could, therefore, not have been in possession of the owners. Also there is nothing in the statute making it conditional that the owner reside on the farm in order to secure a continuance. It is a matter of common knowledge that very few farms made operating expenses in 1932 and 1933. The farm was in possession of the receiver for the benefit of appellee in 1934 and 1935, and appellee could not, therefore, be prejudiced by reason of the mortgagors' nonresidence on the farm. This ground, therefore, can hardly be considered a sufficient reason for refusing the continuance.

II. Another ground urged against a continuance is that the mortgagors made no reasonable effort to pay or re-finance

the mortgage. It is also a matter of common knowledge that in 1933 and 1934, owing to the acute financial depression existing at that time, it was practically impossible to obtain money for the purpose of re-financing any loan, and this ground of the resistance is also insufficient to warrant a refusal of a continuance.

III. The other grounds of the resistance to a continuance are that the mortgagors were insolvent and, therefore, unlikely of being able to meet the obligation of the mortgage if a continuance were granted until March 1, 1937. The evidence, however, fails to show that the mortgagors were insolvent, or that the mortgagors will be unlikely to meet their obligations if a continuance were granted. The evidence shows without dispute that in 1926, when this mortgage was executed, appellee considered the land ample security for a loan of $7,000. It also shows that in 1930, appellants made a contract for the sale of the property at a valuation of $10,000. It is a matter of common knowledge that, owing to the extreme drop in the price of farm products in 1932 and 1933, and the extreme drought of 1934, farm prices dropped to their lowest level during the depression.

The evidence shows that the mortgaged premises at the time of the trial had a valuation of $6,000. It is also a matter of common knowledge that since 1934, owing to an increase in the price of farm products, the value of farm lands has gradually increased. If such increase continues, the mortgagors may be able to pay the entire indebtedness due on the mortgage out of the proceeds of a sale of the land, if sold after March 1, 1937.

The evidence also shows without dispute that the mortgagors have a homestead in the city of Des Moines; that they are the owners of another eighty-acre tract of timber land in Clark county, now valued at several hundred dollars; and that they are also the owners of a 319-acre farm now encumbered by a mortgage of $15,000. Appellee has failed to show the reasonable value of this farm, and it cannot be said that the mortgagors are now so hopelessly insolvent that they will be unable to meet the mortgage indebtedness in question if this case be continued until March 1, 1937.

This case does not come within the class of cases showing that appellants are so hopelessly indebted that it will be impossible for them to meet the obligation if a continuance were granted; nor, on the other hand, does it come within that class of cases showing that appellants had more than sufficient means

to enable them under the then existing financial conditions to refinance the loan.

The burden of proof in this class of cases is upon the mortgagee to show good cause why a continuance should not be granted. Appellee has not favored us with a brief and argument, but we have carefully examined the record and have reached the conclusion that the mortgagee has failed to show good cause why the continuance should not be granted.

As it appears that an application for a continuance was applied for under the provisions of the second Moratorium Act, and as it appears that no good cause for refusing the continuance has been established by appellee, we are forced to the conclusion that appellants were entitled to a continuance. As no other errors appear in the record, this case is reversed only upon the ruling of the lower court in overruling defendants' motion for a continuance.

For the reasons hereinabove expressed, the judgment and decree of the lower court is hereby reversed and the same is remanded for further proceedings in harmony herewith.—Reversed and remanded.

Donegan, C. J., and Albert, Mitchell, Stiger, Anderson, Parsons, Hamilton, and Richards, JJ., concur.