VINCENT MUDRA et al., Appellees, v. T. Y. BROWN et al., Appellants.

No. 43586.

NOVEMBER 17, 1936.

710

O. M. Slaymaker, R. E. Killmar and D. D. Slaymaker, for appellees.

R. Brown, for appellants.

MITCHELL, J.—This is the second time this case has been before this court and the second time the writer of this opinion has been assigned to set forth the views of the court. See 219 Iowa 867, 259 N. W. 773.

On March 1, 1930, appellants executed and delivered to appellee their one promissory note in the sum of $7,000. This note was secured by a first mortgage on the south half of the southwest quarter of section 33, township 72, range 30, Union county, Iowa. The mortgage provided that the owners may declare the mortgage due and foreclosure for failure to pay interest and taxes as they mature. The appellants paid no interest on the note and mortgage after March 1, 1931, nor did they pay any taxes after the 1930 taxes. The land was sold for taxes and appellees were forced to redeem. Foreclosure was commenced on September 28, 1933. Appellants filed their answer, setting up certain defenses, including an application for continuance of the foreclosure proceedings under chapter 182 of the Acts of the 45th General Assembly. The lower court denied the relief. Appeal was taken to this court and the case was reversed. See 219 Iowa 867, 259 N. W. 773. The case went back to the district court for trial and the appellants asked that it be continued, under chapter 115 of the Acts of the 46th General Assembly, to March 1, 1937. A hearing was had and the lower court refused to grant the continuance. Appellants have appealed.

This record shows that appellants have paid no interest on the note and mortgage since March 1, 1931. In addition to this, they have not paid the taxes upon this land. At the time of the trial of this cause, principal, interest and unpaid taxes on this mortgage had risen from $7,000 to over $10,000. In addition to that,

the appellants are in bankruptcy. The 240 acres of land appellants owned have been foreclosed against, and in open court appellants admit that they know of no way they can finance this mortgage.

In the case of Reed v. Snow, 218 Iowa 1165, at page 1168, 254 N. W. 800, 801, this court said:

"We think the purpose of the statute was for the relief of debtors who were in financial distress and where there was a possibility of their being able to save their property within the time provided by the statute. However, the purpose and intent of this act, as we view it, was not to give this relief to those owners of property who are hopelessly insolvent and there could be no possible hope for them in the future. As suggested heretofore, this is not a case of saving a homestead or a home to these parties, as the record shows on its face, from the various transactions and the many times that the plaintiff has been called to invest his own funds and to come to the relief of the defendants. The fact that they are insolvent and have unpaid judgments outstanding against them, and that the property is going to waste, and the other matters shown by the record, all can lead to but one conclusion, and that is that the plaintiff has made sufficient showing in this case to avoid the continuance under the statute. In other words, the record, as it appears to us, is that the defendants are and have been for some time past hopelessly involved financially, and that the equity of the whole situation is that if the continuance is granted it will not in any way relieve the defendants from their financial distress but will work immeasurably to the disadvantage of the plaintiff. We think, under these circumstances, the court should have overruled the motion for a continuance."

This record shows clearly that the continuance here would be of no advantage to the appellants. Their financial condition and the amount of the encumbrance would make the refinancing of the farm an impossibility. The lower court was right in refusing to grant the continuance.

The appellants claim that there was a compromise settlement, by which the appellees agreed to accept an amount less than that of their mortgage. The burden was on appellants to prove this. Lumber Co. v. Cramer Bros., 182 Iowa 161, 160 N. W. 42. The evidence does not bear out appellants' contention.

It therefore follows that judgment and decree of the lower court must be, and it is hereby, affirmed.—Affirmed.

Chief Justice and all Justices concur.