PRUDENTIAL INSURANCE COMPANY of America, Appellant, v. W. L. BRENNAN et al., Appellees.

No. 42352.

FEBRUARY 13, 1934.

REHEARING DENIED SEPTEMBER 18, 1934.

Prichard &·Prichard, Clinton B. Nasby and Quintard Joyner, for appellant.

Underhill & Miller, for appellees.

ANDERSON, J.—On the 24th day of May, 1933, the plaintiff commenced in the district court of Monona county, Iowa, two actions in equity to foreclose real estate mortgages upon lands situated in that county. By stipulation of the parties the two cases were consolidated and are submitted here upon one record in accordance with such stipulation. The facts are alike in both cases, and this opinion shall apply as to both cases.

The action was an ordinary action in equity to foreclose a real estate mortgage and for judgment upon the indebtedness. The mortgage contained a provision for the appointment of a receiver in the event of foreclosure, and the plaintiff prayed for such appointment. The defendants Brennan are the heirs of the original mortgagor, who is now deceased, the executor of his estate, the tenants upon the land, and the Onawa State Bank, which claims certain of the rents by reason of the assignment of the leases. Answers were filed by all of the defendants named; the principal defendants denying the plaintiff's right to the appointment of a receiver, and the defendant bank claiming the rents accruing from the mortgaged premises during the season of 1933, by reason of assignment of the leases prior to the commencement of the plaintiff's foreclosure action. The principal defendants and title holders, W. L. and Helen Brennan, filed an application for·a continuance of the action until March 1, 1935, under and by virtue of the provisions of chapter 182, Acts of the 45th General Assembly, being H. F. 193. It appears that a hearing was had upon this motion or application for a continuance on the 14th day of September, 1933. No evidence was introduced, and the matter seems to have been submitted to the court upon the pleadings and arguments of counsel. The court made findings and order that the said owners were entitled to a

continuance as in said motion prayed and entitled to the possession of the premises during the time of such continuance. The court further found and ordered that the plaintiff was not entitled to the possession of said premises or to the rents and profits therefrom during the season of 1933, and ending on March 1, 1934, but that the defendant Onawa State Bank, as assignee of the leases for such period, was entitled to such rents and profits. The court further found and ordered that the rental from the mortgaged premises from and after March 1, 1934, should be paid to the plaintiff, fixing the amount of such rentals, and appointed a receiver, to act without compensation, to take charge of the real estate, collect the rents and profits therefrom after March 1, 1934, and made provision as to the disposition of such rents. From this order the plaintiff appeals.

The constitutionality or validity of the act under which the defendants claimed the right to a continuance is not involved. Appellant conceded the constitutionality of the act. Neither is the validity of the assignment of the leases and the rents for 1933 involved. Appellant conceded the rule that the owner may make an assignment of rents before the commencement of a foreclosure proceeding, and thereby defeat the mortgagee's right to such rents. Appellant conceded the rule that the right to a receiver is conditioned upon proof of the inadequacy of the security. And appellant does not contend that a receiver should have been appointed for the 1933 crops and rents, but the plaintiff does contend, and this is the only issue we have to determine, that it was entitled to a portion of the rents accruing in 1933; and that, the defendant owners having assigned these rents and placed them beyond the reach of the plaintiff, defendants were not entitled to the continuance under the provisions of the act relied upon; and that the court erred in granting the continuance. This was for the reason that the act in question provides a means of compensating a mortgagee for the losses it may suffer by reason of the continuance of the foreclosure proceedings; and that in the instant case it could receive nothing for any part of the rents accruing from the date of the order to March 1, 1934.

The act in question provides that, upon the application of the owner or owners of real estate involved in foreclosure proceedings, who are not in default for want of pleading or appearance, the court shall, unless good cause is shown to the contrary, order a

continuance of such proceedings until March 1, 1935, and, upon making such order for continuance, the court "shall make order or orders for possession of said real estate, giving preference to the owner or owners in possession, determine fair rental terms to be paid by the party or parties to be in possession," and make such orders for the preservation of the property as will be just and equitable during the continuance of the cause.. The court in the instant case did "determine the fair rental terms" to be paid to the plaintiff during the time of the continuance, and did provide for the preservation of the property in a just and equitable manner, but did not provide any payment or remuneration to the plaintiff for the period from September 14, 1933, to March 1, 1934, unless the court considered such period in fixing the right of possession and right to rents and profits from March 1, 1934. The plaintiff could not have obtained any rents for that period if it had proceeded with its foreclosure, and the appellant concedes that to be the rule, but insists that, by reason of the continuance of the action on the defendants' application, it is entitled to something more than it otherwise would receive. All the act in question provides is that, if the owner obtains an extension of time, he is required to substantially protect the mortgagee from loss by reason thereof. In this case the plaintiff suffers no loss by reason of the order of the court in continuing the case and fixing the rental, for the reason that appellant would not be entitled, under any circumstance, to any part of the rents for 1933. All that the act provides or contemplates is that the property owner must account for or pay to the mortgagee the income from or rental value of the property or such part thereof as the court finds to be just and equitable. We cannot say that the order made by the trial court in the instant case was not a just and equitable one under the circumstances. The act in question was concededly passed by the legislature for the purpose of granting relief to mortgagors during a period of depression, and it was not intended to extend to mortgagees any additional rights in foreclosure proceedings. The assignment of the leases in this case were made long before the commencement of plaintiff's foreclosure proceedings. A part, at least, of the consideration received by the owners for the assignment of the leases was used to protect the mortgaged premises in the way of payment of taxes and interest upon the mortgage indebtedness. No injury resulted to the plaintiff by reason thereof, and the court might well

have concluded that a sufficient amount of the rent for 1933 was disbursed either to the plaintiff directly in payment of interest, or to plaintiff's benefit by the payment of taxes, to more than offset any interest that the plaintiff may have had in the rentals for 1933.

Without further extending this opinion, we conclude that the action of the trial court in granting the continuance, in fixing the rentals, and determining the disposition thereof, was just and equitable and in accordance with a proper and equitable construction and interpretation of the legislative act involved.—Affirmed.

CLAUSSEN, C. J., and EVANS, STEVENS, KINDIG, MITCHELL, and KINTZINGER, JJ., concur.