ARTHUR McDONALD, Executor, Appellant, v. FRANK W. FERRING et al., Appellees.

No. 42505.

Juɴᴇ 23, 1934.

James E. Remley and J. J. Locher, for appellant.

Geo. C. Gorman, for appellees.

ALBERT, J.—Ferring (defendant) was title holder of a lot in the town of Monticello, on which stood a brick building rented to the defendant Skelley, who conducted a store therein. The plaintiff is executor of the estate of Martin Trimble, owner of a $5,500 mortgage and note on the said property, which plaintiff sought in these proceedings to foreclose. No homestead rights are involved herein.

Ferring and wife, on May 16, 1933, asked for a continuance under the debtors' emergency relief act, designated as H. F. 193, passed by the Forty-fifth General Assembly. On hearing, the court granted the continuance, and from such order of the court the plaintiff appeals.

The aforesaid H. F. 193 now appears as chapter 182 of the Acts of the Forty-fifth General Assembly. The second section of said act reads as follows:

"In all actions for the foreclosure of real estate mortgages or deeds of trust now pending in which decree has not been entered, and in all actions hereafter commenced for the foreclosure of real. estate mortgages or deeds of trust, or on notes secured thereby, in any court of record in the state of Iowa, while this act is in effect, the court, upon application of the owner or owners of such real estate or persons liable on said mortgages or deeds of trust, or notes secured thereby, who are defendants in said cause and not in default for want of pleading or appearance shall, unless upon hearing on said application good cause is shown to the contrary, order such cause continued until March 1, 1935, or so long as this act is in effect, providing, however, that in all causes now pending in which default has been entered but no decree signed, said owner or owners of such real estate or persons liable on said mortgages or deeds of

trust, or notes secured thereby, shall have ten days from the taking effect of this act in which to file said application for continuance, and upon such order of continuance the court shall make order or orders for possession of said real estate, giving preference to the owner or owners in possession, determine fair rental terms to be paid by the party or parties to be in possession and the application and distribution of the rents, income and profits from said real estate, and make such provision for the preservation of said property as will be just and equitable during the continuance of said cause, which order or orders shall provide that such rents, income or profits shall be paid to and distributed by the clerk of the district court of the county in which said suit is pending, and further provide that in such distribution, taxes, insurance, cost of maintenance and upkeep of said real estate shall be paid in the priority named, and any balance distributed as the court may further direct; provided, however, that the court shall, upon a substantial violation of its said order or orders, or for other good and sufficient cause, set aside said order or continuance and the cause shall proceed to trial as by law now provided, the provisions of this act to the contrary notwithstanding."

The fifth section of the act provides for its expiration on the 1st day of March, 1935.

The defendant Skelley was in possession of said property under a written lease made by Ferring and Skelley, dated March 17, 1933, and expiring February 1, 1934. All rights under said lease were assigned to George L. Lovell.

The finding and judgment of the court, entered on July 10, 1933, were as follows:

"The court finds from the evidence that the defendant Frank W. Ferring is the owner of the real estate described in plaintiff's petition and that defendant Kate Ferring is his wife; that the defendants are not in the possession of said real estate, but has been rented to one E. E. Skelley and he is now in said premises and his lease continues in force until February 1st, 1934. That before the commencement of this foreclosure proceedings this written lease of said premises was assigned to George L. Lovell by written assignment and the court finds he is the owner and holder of said lease and entitled to the rent provided for therein.

"The court holds that the defendants Ferrings' motion for a

continuance should be and it is sustained and this cause is continued until March 1st, 1935, as provided by House File No. 193, Acts of the 45th General Assembly of Iowa, but subject to such other and further orders as the court may feel is just and equitable in the premises."

It will be noticed, in reading the aforesaid section 2 of said act, that the purpose in the first instance is to grant the limited continuance therein provided for unless good cause is shown to the contrary. The jurisdiction conferred on the district court by this act is rather limited. The purpose of this act is fundamentally to do equity between the parties in the light of the situation. That is to say, that by extending the time when judgment may be entered in the foreclosure, the mortgagee is protected by a provision that the rents, income, and profits from the real estate are to be used for the payment of interest and taxes and the preservation of the property, and distribution thereof is to be made by the clerk of the court of the county where the suit is pending, and so forth. In short, the power is given the court to stay the proceedings, make an order as to the possession of said real estate, giving preference to the owner or owners in possession, determine the fair rental terms to be paid, and also to determine the application and distribution of the rents, income, and profits of said real estate, and make provision for the preservation of said property. It also provides that said order "shall provide that such rents, income, or profits shall be paid to and distributed by the clerk of the district court * * * that in such distribution, taxes, insurance, cost of maintenance and upkeep of said real estate shall be paid in the priority named, and any balance distributed as the court may further direct."

By reference to the ruling of the court hereinbefore set out, it will be noticed that none of the provisions of this act were complied with, except a simple order granting the continuance. We think the court had no power or right to grant this continuance without complying with all the other provisions of the statute. The simple continuance itself, therefore, without more, was not within the power of the court to grant. If it sought to exercise this power, it should have complied with all the aforesaid provisions of the statute, and in failing so to do it erred.

This question was incidentally raised in the case of Reed v.

Snow, 218 Iowa....., 254 N. W. 800, but it was not there determined.

It will be noticed that at the time the matter was decided, the lease of the premises which had been assigned to Lovell would expire on February 1, 1934, and the court finds that the rent under the lease was payable to Lovell, but the orders which should have been made as a part of this continuance could have been so protected as that they should not operate until after the expiration of the Skelley lease. A similar situation in this respect was involved in the case of Prudential Insurance Company of America v. Brennan, 218 Iowa 666, 252 N. W. 497.—Reversed.

CLAUSSEN, C. J., and ANDERSON, MITCHELL, and KINTZINGER, JJ., concur.