FIRST TRUST JOINT STOCK LAND BANK of Chicago, Appellant, v. JOHN FRANCIS DENNISON et al., Appellees.

No. 43470.

JUNE 19, 1936.

Whitney, Whitney & Stern, for appellant.

Roseberry & Pitts, for appellees.

STIGER, J.—On October 27, 1931, the plaintiff brought an action for the foreclosure of a real estate mortgage executed by the defendants, John Francis Dennison, Thomas Raymond Dennison, and William Alexander Dennison.

The defendant John Francis Dennison filed his answer, and on March 15, 1935, the said defendants, John Francis Dennison, Thomas Raymond Dennison, and William Alexander Dennison, filed an application for a continuance under chapter 115 Laws of the 46th General Assembly. The plaintiff filed its resistance to the application, and on October 21, 1935, the following order was entered:

"Be it Remembered that on this 18th day of October, A. D. 1935, the above-entitled matter comes on for final hearing and disposition, the above-entitled cause was tried before the court July 12th, 1935, and taken under advisement. The issues tried being upon the motion of the defendants for a continuance under the moratorium statute to March 1, 1937, and the resistance of the plaintiff thereto. The cause having been taken under

advisement by agreement of all parties and the court having determined the facts.

"It is Therefore Ordered, Adjudged and Decreed that the motion for continuance be granted and that the resistance of the plaintiff thereto be overruled.

"To all of which the plaintiff excepts. Exception allowed and granted."

The plaintiff appeals from this order.

Because of our holding in this case it will not be necessary to set out plaintiff's resistance to the application for a continuance.

It will be noticed that the court made no provision in the order for the possession of the premises, nor did it determine a fair rental and provide for the application and distribution thereof.

Section 2 of said chapter 115 of the Laws of 46th General Assembly reads as follows:

"Sec. 2. In all actions for the foreclosure of real estate mortgages or deeds of trust or notes secured thereby now pending in which decrees have not been entered and in all actions hereafter commenced for the foreclosure of real estate mortgages or deeds of trust or on notes secured thereby, in any court of record in the state of Iowa, while this act is in effect, the court, upon the application of the owner or owners of such real estate who are defendants in said cause, and shall upon hearing upon an application filed for a continuance, order said cause continued until March 1, 1937, unless good cause is shown to the contrary, and upon the entry of such order of continuance, the court shall make order or orders for possession of said real estate giving preference to the owner or owners in possession, determine a fair rental to be paid by the party or parties to be in possession, and the court shall further order the application and distribution of the rents, income, and profits from said real estate, and make such provision for the preservation of said property as will be just and equitable during the continuance of said cause, which order or orders shall provide that such rents, income or profits shall be paid to and distributed by the clerk of the district court of the county in which said suit is pending, or any other person agreed upon by the parties to the action, and further provide that in such distribution,

taxes, insurance, cost of maintenance and upkeep of said real estate shall be paid in the priority named, and any balance distributed as the court may further direct; provided, however, that the court shall, upon a substantial violation of its said order or orders, or for other good and sufficient cause shown, set aside said order of continuance and the cause shall proceed to trial as by law now provided, the provisions of this act to the contrary notwithstanding.''

The provisions of section 2, chapter 182, of the Laws of the 45th General Assembly, prescribing the duties of the court upon the entry of an order of continuance, are substantially the same as those contained in the above section 2 of chapter 115 of the Laws of the 46th General Assembly.

In the case of McDonald v. Ferring, 218 Iowa 593, 596, 255 N. W. 719, 720, in construing section 2, chapter 182 of the Acts of the 45th General Assembly, Mr. Justice Albert, speaking for the court, states:

''The power is given the court to stay the proceedings, make an order as to the possession of said real estate, giving preference to the owner or owners in possession, determine the fair rental terms to be paid, and also to determine the application and distribution of the rents, income, and profits of said real estate, and make provision for the preservation of said property. It also provides that said order 'shall provide that such rents, income, or profits shall be paid to and distributed by the clerk of the district court * * * that in such distribution, taxes, insurance, cost of maintenance and upkeep of said real estate shall be paid in the priority named, and any balance distributed as the court may further direct.'

''By reference to the ruling of the court hereinbefore set out, it will be noticed that none of the provisions of this act were complied with, except a simple order granting the continuance. We think the court had no power or right to grant this continuance without complying with all the other provisions of the statute. The simple continuance itself, therefore, without more, was not within the power of the court to grant. If it sought to exercise this power, it should have complied with all the aforesaid provisions of the statute, and in failing so to do it erred.''

The trial court was without power to grant the continuance in this case without providing for the possession of the real estate, rental terms to be paid, and their application and distribution, and the case must be, and is, reversed.—Reversed.

DONEGAN, C. J., and PARSONS, HAMILTON, ANDERSON, MITCHELL, RICHARDS, and ALBERT, JJ., concur.