FIRST TRUST JOINT STOCK LAND BANK of Chicago, Appellant, v. DAVID WOOD et al., Appellees.

No. 43433.

FEBRUARY 16, 1937.

H. E. Narey, for appellant.

J. W. Morse, for appellees, Annie Wood, David Wood, Frank Swartz and Mrs. Frank Swartz.

STIGER, J.—On June 4, 1934, the plaintiff commenced an action to foreclose a real estate mortgage which contained a receivership clause and asked for the appointment of a receiver.

The defendant, Annie Wood, the title owner of the premises, and her husband, David Wood, filed an answer alleging that prior to the commencement of the action and on January 8, 1934, Annie Wood leased the premises to the defendant David Swartz from March 1, 1934, to March 1, 1935, for cash and that said cash rent was paid by said tenant on the date of said lease and prayed that the plaintiff's petition, insofar as it asked for the 1934 rents, be denied and that the right of possession to March 1, 1935, be vested in the tenant superior to any right or claim

of the plaintiff under its mortgage. The defendant Swartz filed a similar answer. On October 5, 1934, by stipulation, a receiver was appointed to rent the premises from and after March 1, 1935, and all questions as to the 1934 rent and other questions raised by the pleadings were continued until the November 1934 term of court. On February 23, 1935, the defendants, Annie and David Wood, filed an application for a continuance of the cause until March 1, 1937, under chapter 115 of the Acts of the 46th General Assembly. The plaintiff filed a resistance, a hearing was had and on March 9, 1935, an order was entered granting the application and continuing the cause until March 1, 1937. This order appointed a receiver to rent the land from March 1, 1935. The plaintiff appealed.

The material facts in this case are that the defendant, Annie Wood, leased the mortgaged premises to the defendant Swartz on January 8, 1934, for cash which cash rent was paid in full to the said defendant at the time the lease was executed. The foreclosure suit was commenced June 4, 1934. The defendant, Annie Wood, at the hearing on the application for a continuance, did not offer to account for the cash rent received by her for the year beginning March 1, 1934.

The error relied upon by the appellant for reversal is the granting of the order of continuance to March 1, 1937, without requiring an accounting by the defendant, Annie Wood, for the rentals from the date of the commencement of the foreclosure action, June 4, 1934, as contemplated by sections 3 and 6 of chapter 115 of the Acts of the 46th General Assembly.

The appellee has not favored us with a brief and argument.

In the case of Prudential Insurance Co. v. Brennan, 218 Iowa 666, 252 N. W. 497, a continuance was granted under the provisions of chapter 182 of the Acts of the 45th General Assembly. The court held that the fact that the rents had been assigned by the applicant prior to the commencement of the foreclosure action and thus placed beyond the reach of the mortgagee did not bar the owner from obtaining a continuance.

Appellant concedes that if the application in the instant case had been made and a continuance granted under said chapter 182, Acts of the 45th General Assembly, that under our holding in the Brennan case appellee would be entitled to a continuance, but contends that because of sections 3 and 6 of chapter 115 of the Acts of the 46th General Assembly, under which

act appellee filed her motion for a continuance, the Brennan case is not applicable.

Sections 3 and 6 read as follows:

"Sec. 3.  All applications heretofore filed for continuances under Chapter one hundred eighty-two (182), of the acts of the Forty-fifth General Assembly, and on which orders have been entered continuing said cause, and which orders are now in full force and effect, and all applications which have not been adjudicated shall be considered refiled even though hearing may have been had and order entered on the applications, which applications may be amended, or substitutions made therefor, and such cause shall not proceed to trial until the application for a continuance, or the amendments thereto, or the substituted application therefor has been disposed of by court order, and in all such cases the provisions of section two (2) of this act relating to the continuances to March 1, 1937, possession, rentals, distribution of rents and profits, and the setting aside of the orders for continuance, shall apply."

"Sec. 6.  In all cases where the hearing has not already been had on the application for continuance, the court shall determine the rentals and distribution of the rents, issues and profits from and after the date of the commencement of the said action of foreclosure."

It is urged by appellant that section 6 designates the time from which rents shall be accounted for and imposes a duty on the appellee to account for the rents from the date of the commencement of the foreclosure action and if the rents have been paid in advance to the owner or the lease assigned it is the owner's duty under said section to tender the rents to the court from the commencement of the foreclosure proceedings as a condition precedent to the right to a continuance and the failure of the defendant, Annie Wood, to account for the 1934 rents bars her from any right to a continuance under said chapter 115, Acts of the 46th General Assembly.

We cannot concur with appellant in its construction of said section 6.

Assuming without deciding that section 6 refers not only to applications for a continuance filed under chapter 182, Acts of the 45th General Assembly, referred to by section 3, chapter 115, 46th General Assembly, but also to applications filed under

chapter 115, Acts of the 46th General Assembly, as was this application, we cannot concur with the appellant's contention that section 6 requires an accounting for the rents from the commencement of the foreclosure proceedings and the tender of the rents to the court as a condition precedent to the right to a continuance. This section prescribes the time from which the court shall determine the rents, that is the date of the commencement of the action, which is the date the lien of a mortgage containing a receivership clause attaches.

Section 6 does not affect the right of the owner and applicant for a continuance to make an assignment of rents or to receive the rents prior to the commencement of the action of foreclosure and apply the rents otherwise than on the mortgage obligation, all without fraud, and the granting of the extension is not dependent on an accounting for such rents.

The legal effect of an assignment of the rents prior to the commencement of the foreclosure action on the right to a continuance is not changed or modified by said section 6, such effect being the same under either of said acts of the legislature.

The appellant suffered no loss through the order of the court granting the continuance because if it had proceeded with its foreclosure it would not have been entitled to the 1934 rents.

In the case of Prudential Insurance Co. v. Brennan, 218 Iowa 666, 669, 252 N. W. 497, 498, we stated:

"All that the act provides or contemplates is that the property owner must account for or pay to the mortgagee the income from or rental value of the property or such part thereof as the court finds to be just and equitable. We cannot say that the order made by the trial court in the instant case was not a just and equitable one under the circumstances. The act in question was concededly passed by the legislature for the purpose of granting relief to mortgagors during a period of depression, and it was not intended to extend to mortgagees any additional rights in foreclosure proceedings. The assignment of the leases in this case was made long before the commencement of plaintiff's foreclosure proceedings."

The principles established by the Brennan case are fully applicable to a hearing on an application for a continuance under chapter 115, Acts of the 46th General Assembly.

The trial court was right in granting the continuance and the case is affirmed.—Affirmed.

RICHARDS, C. J., and DONEGAN, SAGER, KINTZINGER, MITCHELL, HAMILTON, and PARSONS, JJ., concur.