J. F. REED, Appellant, v. NORLAN SNOW et al., Appellees.

No. 42089.

MAY 15, 1934.

REHEARING DENIED DECEMBER 13, 1934.

Chester W. Whitmore, for appellant.

Heindel & Hunt, for appellees.

ALBERT, J.—The fact situation, as developed by the record, is substantially as follows:

The defendants were the owners, during all the time in controversy, of a business building in the city of Ottumwa, Iowa, designated as a part of lots 305 and 306, in block 25, original plat of the city of Ottumwa. This was a double-front, single-story, brick building, the southern half of which was rented to a battery and electric corporation and the northern half of which was occupied by the defendants, in which they conducted an automobile business, garage, salesroom, and repair shop. In 1926 the defendants made to the Massachusetts Mutual Life Insurance Company a mortgage on said property for $13,000, with 5½ per cent interest and an an-

nual payment on the principal of $500. In July, 1927, the defendants borrowed from the plaintiff $1,100, and gave a second mortgage on said property. On February 2, 1929, they increased their borrowings from the plaintiff to the amount of $1,420, which included the $1,100 aforesaid, and gave a mortgage to the plaintiff therefor. On November 30, 1929, they gave another mortgage to the plaintiff on the same property for the sum of $1,366, and on June 28, 1929, they gave to the plaintiff a mortgage on said property for $4,868.81, and this latter is the mortgage which plaintiff seeks to foreclose in this action. In accordance with the terms of the mortgage, the plaintiff prays that a receiver be appointed to collect the rent from the battery and electric corporation, and that the receiver rent the remaining portion of the building, etc.

The record further shows that the defendants neglected to pay their taxes in the years 1931 and 1932, and that the plaintiff, in order to avoid a tax sale, was compelled to pay the same. The defendants also failed to keep up their annual payments and interest on the life insurance company loan, and to avoid a foreclosure of the same the plaintiff was compelled to make such payments. The record further shows that the defendants failed to keep the property insured as provided by the mortgage; that they also failed to keep the buildings in repair and that waste is being permitted as to said property; that, in order to widen the brick entranceway to the part of the building occupied by the battery and electric corporation, the defendants being unable to pay for the same, plaintiff paid $300 for said improvement; and that there are four outstanding judgments against the defendants that are unpaid. It is further alleged that the defendants are insolvent. The record further shows that the heating apparatus of said building was no longer serviceable and that new boilers should be placed therein. It was stipulated that the defendants were without funds or means to defray such expense and plaintiff was compelled to advance the sum of $450 to have said boilers installed, which amount by stipulation was agreed should be a part of the decree entered in this case.

There is no homestead right involved in this controversy, and the defendants are not occupying any part of this property as a residence. As we understand it, it is purely a business property.

The defendants filed a motion for continuance, under the provisions of chapter 182 of the Acts of the Forty-fifth General Assembly. This was resisted, but the court made an order as follows:

"Be it remembered that on this first day of April, 1933, it being the seventy-second judicial day of the January, 1933, term of court, motion of defendants for continuance sustained. Plaintiff excepts."

Passing the question of whether or not this order complies with section 2 of the aforesaid act, as to whether it is of any validity by reason of its failure to follow the provisions of said act, we turn to a decision of the question before us.

One question urged upon us with much vehemence is that said act of the legislature is unconstitutional. It is and has been a fundamental policy of this court, as it is of all courts, not to pass upon a constitutional question unless the same is absolutely necessary to the disposition of the case. Assuming, therefore, without deciding, that said act is constitutional, the question is: Was the district court warranted in making the order it did? In the case of Federal Land Bank of Omaha v. Wilmarth, 218 Iowa 339, 252 N. W. 507, we devoted some attention to the force and effect of this act. This act confers a limited power on the district court to grant continuances in actions for foreclosure of real estate mortgages, on the application of the owner or persons liable on said mortgage and not in default for want of pleading or appearance, " * * * unless upon hearing on said application good cause is shown to the contrary, [it may] order such cause continued until March 1, 1935. * * * " Section 2.

In the Wilmarth case the district court refused to grant the continuance, and the question we have before us is, as it was in that case, where "good and sufficient cause is shown why the continuance should not be granted."

We said in the Wilmarth case, supra, loc. cit. 353:

"When the question is presented, it, of course, is for the district court guided by the statute to determine whether or not good cause has been shown why the continuance should not be granted. That is the plain provision of the statute. But, when determining what is or is not good cause, the district court must keep in mind the purposes of the statute, together with the fact that under the statute the granting of the continuance is to be the rule. Necessarily, then, the district court has a limited discretion in determining what shall or shall not be good cause for refusing the continuance. As to what may be a good cause in such event is not provided in the statute. So

the statute, in effect, contemplates that the district court, in harmony with the purposes and provisions of the act, shall determine what shall be such good cause, and, if that court does not abuse its limited discretion in that event, this court will not interfere."

We think the purpose of the statute was for the relief of debtors who were in financial distress and where there was a possibility of their being able to save their property within the time provided by the statute. However, the purpose and intent of this act, as we view it, was not to give this relief to those owners of property who are hopelessly insolvent and there could be no possible hope for them in the future. As suggested heretofore, this is not a case of saving a homestead or a home to these parties, as the record shows on its face, from the various transactions and the many times that the plaintiff has been called to invest his own funds and to come to the relief of the defendants. The fact that they are insolvent and have unpaid judgments outstanding against them, and that the property is going to waste, and the other matters shown by the record, all can lead to but one conclusion, and that is that the plaintiff has made sufficient showing in this case to avoid the continuance under the statute. In other words, the record, as it appears to us, is that the defendants are and have been for some time past hopelessly involved financially, and that the equity of the whole situation is that if the continuance is granted it will not in any way relieve the defendants from their financial distress but will work immeasurably to the disadvantage of the plaintiff. We think, under these circumstances, the court should have overruled the motion for a continuance.—Reversed.

CLAUSSEN, C. J., and EVANS, STEVENS, and KINDIG, JJ., concur.

MITCHELL, J. (dissenting)—My views covering the question involved in this case are set out in the dissenting opinion in the case of Federal Land Bank of Omaha v. Wilmarth, 218 Iowa 339, 252 N. W. 507. And for the sake of brevity reference is made to the dissenting opinion in the case cited.

I would affirm the decision of the lower court.