WADE *v.* FARRELL.

1. MORTGAGES—MORATORIUM LAW—RELIEF PRIOR TO DECREE.
   Under mortgage moratorium law which became effective while foreclosure proceedings were pending in chancery and before decree was entered, mortgagor's relief in such a case, if any, is confined to that sought prior to entry of decree (Act No. 98, § 2, Pub. Acts 1933).

2. SAME—EXTENSION OF PERIOD OF REDEMPTION.
   Extension of period of redemption is relief which may not be granted mortgagor where decree was not entered until upwards of six months after mortgage moratorium law became effective and case was pending at that time (Act No. 98, §§ 2, 4, Pub. Acts 1933).

3. SAME—ENTRY OF DECREE—STATUTES—AMENDMENTS.
   Entry of decree in mortgage foreclosure proceedings in chancery following effective date of act amendatory of mortgage moratorium law does not operate to permit mortgagor to apply for extension of period of redemption under amended act, the pertinent provisions of both original and amended acts being the same (Act No. 98, §§ 2, 4, Pub. Acts 1933, as amended by Act No. 20, Pub. Acts 1934).

4. STATUTES—MORTGAGE MORATORIUM LAW—AMENDMENTS—SAVING CLAUSE.
   Saving clause of statute amending mortgage moratorium law intended to and did provide against disturbing the rights of

parties which were or could have been fixed by institution of proper proceedings under the original act (Act No. 20, Pub. Acts 1934, amending Act No. 98, §§ 2, 4, Pub. Acts 1933).

5. SAME—CONTINUING PROVISIONS IN AMENDATORY ACT.

When a statute continues a former statute law, that law common to both acts dates from its first adoption; and only such provisions of the old act as are left out of the new one are gone and only new provisions are new laws, as of the time of the amendment.

Appeal from Kalamazoo; Weimer (George V.), J. Submitted January 11, 1935. (Docket No. 65, Calendar No. 38,152.) Decided March 5, 1935. Rehearing denied April 9, 1935.

Mortgage foreclosure proceedings by Howard C. Wade, trustee, against Charles H. Farrell and others. On petition of M. S. H. Land Company, a Michigan corporation, for relief under the mortgage moratorium law (Act No. 98, Pub. Acts 1933). Petition denied. M. S. H. Land Company appeals. Affirmed.

*Mason & Sharpe,* for defendants Massnick and Van Avery.

*Harry H. Platt,* for defendant M. S. H. Land Company.

NORTH, J. This is an appeal from an order of the circuit court in chancery, Kalamazoo county, Michigan, dismissing a petition for relief under Act No. 98, § 4, Pub. Acts 1933, commonly known as the mortgage moratorium law. The purchasers at the foreclosure sale opposed granting the relief sought by appellant. In the original mortgage foreclosure suit, instituted April 6, 1933, plaintiff had decree December 27, 1933. The mortgage sale, which occurred February 26, 1934, was confirmed on March 26, 1934.

The petition first above mentioned was filed by the owner, M. S. H. Land Company, August 11, 1934. The period of redemption expired August 26, 1934. The sole question presented for review as stated in appellant's brief is:

"In a chancery foreclosure suit pending at the time the Michigan mortgage moratorium law became effective, is the owner who fails to apply for relief thereunder prior to entry of decree of foreclosure precluded, as a matter of law, from applying for an extension of the period of redemption after decree but before the expiration of the equity of redemption?"

Incident to denying the relief sought the circuit judge said:

"It is my opinion that this court is without authority to grant the relief prayed under the particular circumstances shown. In my judgment, petitioner, if entitled to any relief, should have sought that relief under and by virtue of and in accordance with the provisions of section two (Act No. 98, Pub. Acts 1933) of the statute. Petitioner is not entitled to the benefit of the provisions of section four. It is now too late (decree having been entered) for petitioner to avail itself of any benefit of the provisions of section two."

So far as applicable here we may consider the statute as worded prior to the 1934 amendment. Both appellant and appellee have done so in their briefs. We quote the material portions of sections two and four:

"SEC. 2. In all actions for the foreclosure of real estate mortgages or deeds of trust *now pending in which decree has not been entered,* * * * the court, upon * * * application * * * may from time to

time * * * *order such cause continued* until not later than March one, nineteen hundred thirty-five.

"Sec. 4. In any case of mortgage foreclosure now pending in a court of chancery in which the equity of redemption has not expired, the court, upon application * * * may set aside or amend its order confirming sale and thereupon may grant such order or orders or continuance as provided in section two of this act."

From the dates first above given it may be noted that the instant suit of foreclosure was, on the effective date of the act, June 2, 1933, *pending* in the court and was one in *which decree had not been entered.* Therefore, as held by the circuit judge, the case was clearly within the provisions of section two. When the act became operative it provided petitioner with ample opportunity to apply for relief. This opportunity was open to it from the date the act became effective (June 2, 1933) to the date decree was entered (December 27, 1933). Not only was petitioner afforded ample opportunity to seek relief under the act; but we think the act is so framed as to disclose an intent on the part of the legislature that one seeking relief under the act incident to a foreclosure case *in which decree had not been taken* was required to make the application before decree was entered. By so framing the act the legislature with much propriety in effect provided against there being delay on the part of the one who would ultimately seek relief under the moratorium act. It prevented him from withholding the matter from the equitable control of the court until the period of redemption had practically expired. By withholding the application the mortgagor or owner could, as was done in the instant case, enjoy the income of a heavily incumbered income-producing property

until near the end of the period of redemption and then seek relief under the act without having been required to do equity during the period of redemption. It seems clear that the legislature by the provisions of the act sought to prevent such practice.

By reference to section four of the act it appears that it contemplates relief under that section only in cases "now pending" and in which decree had been entered at the time the act took effect. Otherwise the period of redemption could not be running nor could there be an order of confirmation for the court to vacate as provided in this section. The instant case does not fall within the requirements of section four of the act and hence relief could not be granted thereunder; and because of appellant's delay in making application to the circuit court, relief could not be granted under section two of the act.

Appellant asserts that since the amended act (Act No. 20, Pub. Acts 1934 [Ex. Sess.]) became effective March 28, 1934, at which time the decree had been filed in this case, therefore the petition for relief is within section four of the amended act, which so far as pertinent here in effect is the same as section four of the original act. The amended act contains a saving clause which reads:

"This amendatory act shall not impair or affect any right accruing, accrued or acquired prior to the time this amendatory act takes effect, but the same may be enjoyed, asserted and enforced as fully and to the same extent as if this amendatory act had not been passed."

Obviously by the provisions of this saving clause the legislature intended to and did provide against disturbing the rights of parties which were or could have been fixed by instituting proper proceedings under the original moratorium act. In any event,

under settled rules of statutory construction appellant's assertion of a right to relief under the amendatory act cannot be sustained.

"When a statute continues a former statute law, that law common to both acts dates from its first adoption, and only such provisions of the old act as are left out of the new one are gone, and only new provisions are new laws. Where an act is amended 'so as to read as follows' the part of the original act which remains unchanged is considered as having continued in force as the law from the time of its original enactment and the new portion as having become the law only at the time of the amendment." 25 R. C. L. p. 907.

The order of the circuit judge denying relief is affirmed. Costs to appellees.

POTTER, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred. NELSON SHARPE, J., did not sit.

ON MOTION FOR REHEARING.

PER CURIAM. Consideration of the application for rehearing in this cause does not disclose any reason for modification of the decision heretofore rendered. While it scarcely seems there is a necessity for so doing, in disposing of this application for rehearing we take occasion to state that the opinion heretofore rendered in this appeal was an announcement of the law and a construction of the statute as applied to the facts in this particular case. The decision rendered is applicable only to cases wherein the bill of foreclosure had been filed but decree had not been entered prior to the effective date of Act No. 98, Pub. Acts 1933. Application of the statute to cases "hereafter commenced (*i. e.,* after effective date of

act) for the foreclosure of real estate mortgages or deeds of trust'' was not before the court for consideration, and our decision should be so construed.

Rehearing denied.

NELSON SHARPE, J., did not sit.