First Trust Joint Stock Land Bank of Chicago, Appellee, v. Laura C. Lewis et al., Appellants.

No. 43182.

February 13, 1936.

Rehearing Denied June 19, 1936.

R. Brown, for appellants.

Healey & Reynolds, for appellee.

ALBERT, J.—The defendants appealed "from the rulings, order, judgment and decree made, rendered and entered of record * * * and from each and every part thereof adverse to them." Later, having perfected their appeal, they filed in this court a dismissal of "all that part of the Judgment and Decree rendered in the District Court of Union County, Iowa, from which this appeal is taken, which involves the judgment on the mortgage note and forecloses the mortgage securing the same. * * * They continue this appeal and do not dismiss the same as to that part of said judgment and decree denying appellants herein a continuance on their Motion under the Iowa Statute pleaded therein, known as the Moratorium Statute [Acts 45th G. A. ch. 182] but continue this appeal as to that part of said judgment and decree contending that the court committed error in not sustaining appellants' said Motion and granting these appellants a continuance under the Moratorium Statute as is provided in said Statute."

Under this dismissal, if it could be considered a proper procedure, the only question left in the case is whether or not the court erred in refusing the continuance. We are disposed to think that the ruling of the district court in relation thereto was correct.

Briefly stated, this foreclosure was started in September, 1934. In due time a default was entered against the defendants, but no judgment entry was made thereon until some three months later. In the intervening time the defendants filed a motion for continuance under chapter 115 of the Acts of the Forty-sixth General Assembly. On the 28th day of January, 1935, they also filed an answer amounting to a general denial. On the 24th of April, 1935, the cause came on for hearing. Whether or not the defendants had any standing after the default was entered against them we will not stop to consider. On the latter date there was a hearing had before the court on the motion for continuance. The court overruled the motion for continuance and entered judgment of foreclosure.

To fully understand the situation the lower court was in at the time it ruled on this motion for continuance, some other facts need to be stated in the record. During the pendency of this matter, the defendant Laura C. Lewis filed a petition in bankruptcy, which she later dismissed. In October, 1935, she attempted to take advantage of the provisions of the federal bank-

ruptcy act (11 U. S. C. A.) in connection with what is known as the Frazier-Lemke law (11 U. S. C. A. section 203). Under this proceedings, on the 22nd day of November, 1935, she was declared a bankrupt. Later still, an order was made by Judge Dewey of the federal court, reciting that the "bankrupt has no interest in said real estate that the bankruptcy court could administer upon," and said real estate was released and discharged from the administration of the bankruptcy court. A motion was later made by the plaintiffs herein to dismiss this appeal on the ground of want of jurisdiction of this court to consider the same. This motion was ordered submitted with the case. We pass commenting on this motion, preferring to dispose of the case on its merits without expressing an opinion on the validity of this motion to dismiss.

The aforesaid chapter 115 of the Acts of the Forty-sixth General Assembly provides that "in all actions for the foreclosure of real estate mortgages * * * now pending in which decrees have not been entered * * * the court, upon the application of the owner or owners of such real estate who are defendants in said cause, and shall upon hearing upon an application filed for a continuance, order said cause continued until March 1, 1937, unless good cause is shown to the contrary * * *."

The question here raised is whether or not, under the record, the court abused its discretion in refusing to grant this continuance.

In the case of Federal Land Bank of Omaha v. Wilmarth, 218 Iowa 339, 353, 252 N. W. 507, 513, 94 A. L. R. 1338, we said:

"When the question is presented, it, of course, is for the district court guided by the statute to determine whether or not good cause has been shown why the continuance should not be granted. That is the plain provision of the statute. But, when determining what is or is not good cause, the district court must keep in mind the purposes of the statute, together with the fact that under the statute the granting of the continuance is to be the rule. Necessarily, then, the district court has a limited discretion in determining what shall or shall not be good cause for refusing the continuance. As to what may be a good cause in such event is not provided in the statute. So the statute, in effect, contemplates that the district court, in harmony with the

purposes and provisions of the act, shall determine what shall be such good cause, and, if that court does not abuse its limited discretion in that event, this court will not interfere."

We reiterated this doctrine in the case of Reed v. Snow, 218 Iowa 1165, 254 N. W. 800.

In addition to what has already been set out, the record shows that the defendants were not residing on this farm, but occupied a farm owned by a son. The farm in controversy was leased to another son, who was in occupancy of the same, and he had paid no rent thereon. The defendants are shown to be the owners of an amount of unincumbered personal property, consisting of some thirty-five head of cattle, thirty-four sheep, one hog, twenty-two lambs, and farm machinery and equipment. It is not necessary to set out the evidence in full taken before the presiding district judge, who personally examined the defendant Laura C. Lewis. Suffice it to say that, under the record, from her conduct and her testimony, it cannot be said that the application made by her for this continuance was made in good faith, and she does not evidence a disposition to do equity in the matter; and, when asked whether she was willing to give any security to the plaintiff on her chattel property, her counsel spoke for her and the court accepted his statement, that she would not and her counsel would not allow her to do it. The court, after having reviewed the history of this matter and the evidence before it, among which was a showing that the actual value of the farm was less than the amount due under the incumbrance, reached the conclusion that the defendant Laura C. Lewis was in a hopeless condition financially, and that a continuance would be of no benefit to her, and, further, that the record shows good cause why the continuance should not be granted. With this conclusion of the court, under the record it had before it, we do not feel that it abused its discretion in this matter.

The defendants assign errors and argue numerous questions involved in the judgment of foreclosure, but, because of the dismissal of the appeal, these matters pass out of the case.— Affirmed.

ANDERSON, RICHARDS, KINTZINGER, HAMILTON, and PARSONS, JJ., concur.