A. L. ANDERSON, Appellant, v. IDA C. FALL, Appellee.

No. 43294.

FEBRUARY 13, 1936.

D. M. Anderson, for appellant.

Miller, Everett & Miller, for appellee.

RICHARDS, J.—Plaintiff held a mortgage upon defendant's 164¼-acre farm, the mortgage securing a $6,500 note. By reason of an extension agreement the maturity of the debt was July 2, 1937. In his petition, plaintiff accelerated the maturity and declared the whole debt due by reason of nonpayment of the semiannual interest installments due in January and July, 1933, and of the taxes due in 1933. On December 19, 1933, the court continued the case to March 1, 1935, under the provisions of chapter 182 of the Acts of the 45th General Assembly, appointed a receiver, and made provisions for the application of the rentals in accordance with said chapter. The receiver took possession and has rented the lands for the year beginning March 1, 1934, and again for the year beginning March 1, 1935.

On February 27, 1935, defendant filed an application for a continuance of the case to March 1, 1937, pleading in support thereof the provisions of Senate File 34 of the Acts of the 46th General Assembly. Plaintiff filed objections. Upon a hearing on the application and objections, the district court, on May 14, 1935, sustained the application, ordered the case continued to March 1, 1937, or until further order of the court, and ordered the then existing receivership of the mortgaged premises to continue during the period of the continuance and until the end of the year of redemption. The court's order also made provision for application of the rentals in the manner provided by Senate File 34. From this order, plaintiff has taken this appeal.

Senate File 34, now chapter 115, Acts 46th General Assembly, provides, in respect to real estate mortgage foreclosure actions in which decree has not been entered, that "the court, upon the application of the owner or owners of such real estate who are defendants in said cause, and shall upon hearing upon an application filed for a continuance, order said cause continued until March 1, 1937, unless good cause is shown to the contrary." The act contains further provisions with respect to the application of the rents, profits, and income of the real estate during the period of the continuance. The act also provides that the court may afterwards set aside the order for continuance upon a violation of the order, or for other good and sufficient cause shown. It is plaintiff's contention that he has shown "good cause to the contrary," that is, good cause why said continuance should not have been granted. The burden was

on plaintiff to show such good cause, upon authority of Mudra v. Brown, 219 Iowa 867, 259 N. W. 773, interpreting the similar provisions of chapter 182, Acts 45th General Assembly. The record reveals that plaintiff has not sustained this burden. As facts relied on by plaintiff, he says the security is inadequate, that defendant is hopelessly insolvent and has no prospect of refinancing, that she has abandoned the premises, that the improvements on the land are in a state of disrepair, and that no homestead is involved. Upon these alleged facts, plaintiff would found the conclusion that here is a situation to which Senate File 34 has no application, citing Reed v. Snow, 218 Iowa 1165, 254 N. W. 800, and Federal Land Band v. Wilmarth, 218 Iowa 339, 252 N. W. 507, 94 A. L. R. 1338. But the evidence on the hearing established that defendant owned the mortgaged premises, also another nearby tract of 240 acres of pasture land encumbered by a mortgage for $8,500 as well as a residence property in Albia. The plaintiff's evidence is that the mortgaged premises in suit had a minimum value of $40 per acre. There is no other showing as to its fair market value. There is no competent evidence of the value of the 240 acres, and none of the value of the residence property in Albia. The only debts of the defendant shown by the evidence are those secured by the two mortgages. It is apparent such were not facts establishing insolvency in any definite or satisfactory manner. The extent of alleged inadequacy of the plaintiff's security, if any, is difficult to estimate on account of the very indefinite character of the evidence as to value of the mortgaged premises. Defendant kept the land rented until possession was taken from her by the receiver, and there is no evidence that she failed to fairly apply the rents upon the taxes and interest. There is not shown any abandonment of the farm by defendant. The evidence shows the mortgaged premises are quite well improved, and not badly in disrepair. While, as plaintiff says, no homestead question is involved, that fact is not of itself determinative of the question before us, the statute under consideration containing no distinctions in its application to homestead or non-homestead property. The matter of the mortgaged property being or containing a homestead is only one of the fact elements pertaining to the mortgaged premises that previous opinions of this court have taken into consideration. Plaintiff lays stress on the small rental income realized by the receiver for the 1934

farming season, the result of a severe drought. Without encumbering the opinion with details, it does appear that the cash and crop rental reasonably anticipated by the receiver for 1934 would have satisfied in large measure the delinquent interest and taxes. But the increase in the indebtedness on account of the unfortunate drought does not obviate the indefiniteness in the evidence above pointed out as to the essential matters depended on by plaintiff in support of his contention. Upon the whole record, we conclude the district court properly exercised its limited discretion in finding that the situation was one to which the act had application, and that good cause to the contrary had not been shown.

The plaintiff's contention that the act was violative of the Constitution of Iowa was not an issue below, and, consequently, is not considered here.

The order of the district court is affirmed.—Affirmed.

DONEGAN, C. J., and PARSONS, ALBERT, KINTZINGER, POWERS, HAMILTON, and MITCHELL, JJ., concur.