METROPOLITAN LIFE INSURANCE COMPANY, Appellant, v. HOWARD S. VAN ALSTINE et al., Defendants, BEN ABBEN, Receiver, Appellee.

METROPOLITAN LIFE INSURANCE COMPANY, Appellant, v. L. R. VAN ALSTINE et al., Defendants, BEN ABBEN, Receiver, Appellee.

METROPOLITAN LIFE INSURANCE COMPANY, Appellant, v. HOWARD S. VAN ALSTINE et al., Defendants, BEN ABBEN, Receiver, Appellee.

No. 43312.

April 7, 1936.

Thompson & Weible, and Tinley, Mitchell, Ross & Everest, for appellant.

Frank S. Lovrien, for appellee.

MITCHELL, J.—In December of 1932 the Metropolitan Life Insurance Company of the city of New York, a corporation, commenced an action in the district court of Humboldt county, Iowa, against Howard S. Van Alstine and others, including Ben Abben, receiver of the Gilmore Exchange Bank, Gilmore City, Iowa, for the foreclosure of a real estate mortgage against the following described real estate:

The southwest quarter of section 27, township 9, north of range 30, west of the 5th p. m., Humboldt county, Iowa.

Judgment in rem in the sum of $18,237.09, together with interest, costs, and decree of foreclosure, was entered on January 17, 1933. Thereafter special execution was issued and the real estate above described was sold at sheriff's sale on February

25, 1933, to the Metropolitan Life Insurance Company for $18,-660.81, the full amount of the judgment with interest, costs, and accrued costs.

On February 21, 1934, an application for extension of the redemption period to March 1, 1935, was filed by Ben Abben, receiver of the Gilmore Exchange Bank, and an order granting same was entered by consent on March 13, 1934.

On February 23, 1935, Ben Abben, as receiver of the Gilmore Exchange Bank, filed an application, asking for an extension of the period of redemption to March 1, 1937, under and by virtue of the provisions of House File No. 84, Acts of the 46th General Assembly of Iowa (chapter 110), and in said application he offered to do equity in regard to the rentals and consented that the court fix and determine same. Thereafter the Metropolitan Life Insurance Company filed a resistance to the application for extension of the redemption period, in which it asked that the application be dismissed or denied.

There was a trial to the court, which, on the 29th day of March, 1935, entered an order, extending the time for redemption from sheriff's sale to March 1, 1937, in compliance with the statute. The entire order is not set out in the record, but as the applicant offered to do equity and as the insurance company is not complaining that rentals were not fixed as provided, we assume that the court provided for the payment of the rentals to a receiver for the benefit of the insurance company during the period of redemption.

The insurance company, being dissatisfied, has appealed to this court.

I. The first proposition relied upon for a reversal is that the receiver of a private bank is not such an owner as would be entitled under the statute to be granted the relief asked, and is in the type or class to whom relief should be denied, in the sound judgment and discretion of an equity court.

Section 2 of chapter 110 of the laws of the 46th General Assembly provides:

"In any action, for the foreclosure of a real estate mortgage or a deed of trust, which has been commenced prior to March 1, 1935, in any of the courts, and in which a decree has been or may hereafter be entered, but the redemption period, as now provided, has not expired, upon application of the owner or

owners of such real estate, the court shall, unless upon hearing upon said application good cause is shown to the contrary, order that no sheriff's deed shall be issued until March 1, 1937, and in the meantime said owner or owners may redeem such property, and are entitled to possession thereof.''

■■■ The question with which we are confronted here is whether or not the receiver of a private bank, which was a co-partnership doing business as the ''Gilmore Exchange Bank'', which, prior to the commencement of this action, had had a receiver appointed for it by the district court, comes under the provisions of the statute as the ''owner'' or ''owners'' of such real estate and is entitled to an extension of the period of redemption.

This court has held that it was the intention of the legislature that only the owner or owners are entitled to the extension provided for.

Turning to Webster's New International Dictionary, we find the word ''owner'' defined as: ''One who owns; a proprietor; one who has the legal or rightful title, whether the possessor or not.'' But we do not have to rely upon Mr. Webster for a definition of the word, for the Legislature saw fit to define who is an ''owner''. In section 11 of chapter 110 of the laws of the 46th General Assembly we find the definition:

''The words 'owner or owners' as used in this act, shall include any person holding rights in real estate as joint tenant, tenant in common, life tenant, devisee or heir at law and/or any person holding the legal title to real estate. The application for extension by one or more owners, when made as provided in this act, shall inure to the benefit of all of the owners, if there be more than one.''

No one questions that the receiver for the bank is the holder of the legal title to the real estate involved in this action. He therefore comes within the definition which the legislature set out in the act itself and is entitled to the extension.

■■■ II. The second proposition relied upon is that the receiver is hopelessly involved financially and there is no prospect of refinancing or refunding the indebtedness within the moratorium period and therefor comes within the rule laid down by this court in the case of Federal Land Bank v. Wilmarth, 218 Iowa 339, at page 354, 252 N. W. 507, 514, 94 A. L. R. 1338:

"The purpose of the statute is to afford the owner of the land an opportunity to refinance or pay up the indebtedness and save his farm within the moratorium period. But the appellant, as already indicated, will not be in a position to pay the obligation and redeem the farm within the period of the moratorium. He is hopelessly involved financially. * * * he has no property with which to make payment on the judgment aside from the mortgaged land. * * * Clearly the appellant has no prospect of refinancing or funding the indebtedness within the moratorium period."

The writer of this opinion did not agree with the majority in the Wilmarth case and set out in a dissenting opinion his views upon that proposition.

But under the record which the appellant has submitted to this court in the case at bar, it is not in a position to take advantage of the proposition it now urges. There is no evidence to show the financial condition of the receiver of this bank; not one single word as to whether or not he would be able or would not be able to refinance this indebtedness. The only evidence shown is that the insurance company bid in the property for the full amount of the judgment, plus interest and costs. It must therefore be assumed that the value of the property in the judgment of the appellant company was worth the amount of its judgment, plus interest and costs. Whether the receiver has funds to refinance it; whether he can sell his equity to some one that would refinance it; whether there has been such a change in the values of real estate in the community where this farm is located, to make it a valuable asset, we do not know. No evidence was offered on any of these propositions. The burden was on the appellant to show good cause why this extension should not be granted. It has failed to do so, and the lower court was right in granting the extension.

At the time of the trial of this cause it was stipulated and agreed by and between the parties that the decision in this cause shall be binding in the cases known as "Metropolitan Life Insurance Company of the City of New York v. L. R. Van Alstine et al.," No. 9512, and "Metropolitan Life Insurance Company of the City of New York v. Howard S. Van Alstine et al.," No. 9522.

It therefore follows that the judgment and decree of the

lower court in the case at bar, to wit, "Metropolitan Life Insurance Company v. Howard S. Van Alstine et al.," No. 9508, is hereby affirmed; and in the case of "Metropolitan Life Insurance Company v. L. R. Van Alstine et al.," No. 9512, judgment and decree of the lower court is hereby affirmed; and in the case of "Metropolitan Life Insurance Company v. Howard S. Van Alstine et al.," No. 9522, judgment and decree of the lower court is hereby affirmed.—Affirmed.

DONEGAN, C. J., and KINTZINGER, HAMILTON, RICHARDS, and STIGER, JJ., concur.

ALBERT and ANDERSON, JJ., dissent.