FIRST TRUST JOINT STOCK LAND BANK of Chicago, Appellant, v. JOHN H. MERRICK et al., Appellees.

No. 43291.

APRIL 7, 1936.

586

Whitney, Whitney & Stern, for appellant.

McCulla & McCulla, for appellees L. E. and Emma Julius.

John Loughlin, for appellee John H. Merrick.

A. R. Nelson, for appellee Cherokee County.

STIGER, J.—On November 25, 1933, plaintiff filed its petition in foreclosure of a real estate mortgage.

Defendant L. E. Julius, owner of the premises, filed .his answer, alleging that on November 17, 1933, he leased the premises to Donald and Myrtle Blair for the year beginning March 1, 1934, and that on the same day he assigned said lease to W. P. McCulla, intervener, for a valuable consideration.

In answer to the petition of intervention by W. P. McCulla claiming the 1934 rents under the assignment thereof from Julius, the plaintiff alleged that such assignment, if there was an assignment, was colorable only, without consideration, and made for the sole purpose of preventing plaintiff from procuring a receiver.

On March 23, 1934, a decree of foreclosure was entered denying plaintiff's application for a receiver and finding that McCulla, intervener, was the owner of the 1934 lease.

On May 19, 1934, plaintiff, at sheriff's sale under special execution bid $13,734.51, and received a sheriff's certificate of sale for the land involved in the foreclosure action. There was a deficiency judgment of $2,000.

On February 27, 1935, the defendant Julius filed his application for an extension of the period of redemption under chapter 110, Laws of the Forty-sixth General Assembly.

The plaintiff filed its resistance to the application, which reads as follows:

"Comes now the plaintiff and resists the application of L. E. Julius, for continuance and as grounds therefore states:

"That the plaintiff makes the petition, answer, all pleadings filed and all proceedings had in said cause, a part of this resistance, by reference.

"That the said L. E. Julius has refused to do equity, that

he wrongfully disposed of the entire 1934 rentals, thereby depriving the plaintiff of any portion whatsoever of the 1934 rentals. That he has refused to pay the taxes.

"That to grant said L. E. Julius a continuance under the provisions of House File 84 of the Acts of the Forty-sixth General Assembly [chapter 110] would be inequitable to the plaintiff. That the defendant is estopped from obtaining relief under the provisions of House File 84 of the Acts of the 46th General Assembly, because of his conduct in the past and because of his refusal to do equity.

"Wherefore, plaintiff prays that the application for extension of redemption be denied."

The applicant, Julius, filed a reply, denying the allegations of the resistance and stating that the question of the disposition of the 1934 rentals was disposed of by this court adversely to plaintiff's contention, that no appeal was taken, and that the question is now *res adjudicata.* The plaintiff thereafter filed an amendment to the resistance, stating in substance that the defendant L. E. Julius did not file a motion for continuance under chapter 182 of the Laws of the Forty-fifth General Assembly, and that, after the sale of said premises, the said Julius did not file any application for an extension of the redemption period under chapter 179 of the Acts of the Forty-fifth General Assembly; that chapter 110, Laws of the Forty-sixth General Assembly, applies only to cases where an application for an extension was pending prior to March 1, 1935; and that the case at bar does not come under the provisions of said chapter 110.

On July 12, 1935, the trial court granted L. E. Julius, owner of the premises, an extension of the period of redemption to March 1, 1937, and the plaintiff appeals from this order.

The trial court found that Mr. McCulla, the intervener, purchased the 1934 lease for a valuable consideration.

■■■ The assignment of rent by the owner prior to the commencement of a foreclosure action does not, of itself, defeat the owner in his attempt to take advantage of the moratorium laws of this state. Prudential Ins. Co. v. Brennan, 218 Iowa 666, 252 N. W. 497.

In the Brennan case, supra, the assignment of the rents was for the first year of the extended period of redemption.

In this case the owner, Julius, did assign the 1934 rents, but the land was not leased nor the lease assigned for any year of the period of redemption. The plaintiff-appellant insists that the record shows that it is impossible for Julius to make redemption by refinancing or sale or otherwise within the extended period of redemption.

The appellant purchased the real estate at sheriff's sale for $13,734.51. E. F. Ducharme, field man for appellant, was the only witness that testified to the value of the farm. In his opinion the value of the buildings is $2,450 and the value of the land is $10,000. He stated the buildings were in fair to good condition.

The record shows that Julius owns personal property of the value of $3,000, encumbered with a chattel mortgage of $800. In addition, he owes about $300. His equity in the personal property is around $2,000, which, with the value of the farm fixed at $12,450, brings the total vaule of his property to $14,450.

Julius has a complete line of farm machinery, 65 hogs, 34 head of cattle, including 15 milch cows, and from 10 to 12 horses.

The amount necessary to redeem is $13,734.51 and interest plus around $900 paid by plaintiff on taxes since the execution sale.

A commitment of $7,500 was made by the Federal Land Bank.

The purpose of the statute is to afford the owner of the land, who is in financial distress, an opportunity to refinance or pay the indebtedness and save his farm within the moratorium period. If the financial circumstances of the owner are such that the court can reasonably hold that there is no possibility of saving the property and that he is hopelessly insolvent, the application will be denied. Federal Land Bank v. Wilmarth, 218 Iowa 339, 252 N. W. 507, 94 A. L. R. 1338.

In the Wilmarth case, supra, the court states on page 353 that:

"When determining what is or is not good cause, the district court must keep in mind the purposes of the statute, together with the fact that under the statute the granting of the continuance is to be the rule."

Clearly the appellee Julius is not hopelessly insolvent. We cannot reasonably hold that there is no possibility, under the record in this case, that Julius cannot save his farm.

■■■ Appellant claims Julius failed to do equity.

Julius purchased this farm in 1929, and went into possession March 1, 1930. He paid two years taxes and interest to November, 1931. In 1935 the fences were washed out by high waters, and Julius repaired the damage, and the farm is fenced and cross-fenced hog tight. The failure of Julius to do equity, as claimed by appellant, was his failure to pay interest and taxes in 1931 and the years following. These are the years that inspired the Forty-fifth General Assembly in February, 1933, to declare an emergency and enact chapters 179 and 182 of said session. It was the inability of farm owners to pay interest and taxes because of low prices of farm products, and the flood of foreclosure suits resulting therefrom, that induced the legislature to act.

It would not be logical to hold that the very cause of the wholesale foreclosure of real estate mortgages, to wit, the inability to pay interest and taxes which induced the enactment of the moratorium statutes, would be an adequate cause for refusing to an owner the benefit of the laws enacted to meet the emergency.

Since Julius has been the owner of the farm, he has sold over $614 worth of gravel from this farm and given the proceeds to the appellant.

■■ Appellant's final contention is that Julius does not come within the benefit of chapter 110 of the Forty-sixth General Assembly because he failed to file an application for a continuance under chapter 182 of the Forty-fifth General Assembly, citing Wade v. Farrell, 270 Mich. 562, 259 N. W. 326, 904.

In the Wade case, supra, there was a petition for relief under section 4 of the Mortgage Moratorium law (Pub. Acts Mich. 1933, No. 98). The material portions of the law to the case are sections 2 and 4.

"Sec. 2. In all actions for the foreclosure of real estate mortgages * * * now pending in which decree has not been entered * * * the court, upon * * * application, * * * may from time to time * * * order such cause continued," etc.

"Sec. 4. In any case of mortgage foreclosure now pending in a court of chancery in which the equity of redemption has not expired, the court, upon application * * * may grant such order or orders or continuance," etc.

The court held that on the effective date of the act, June 2, 1933, the suit was pending and no decree had been entered; that the case was clearly within section 2 of the act, and the applicant's only relief was under section 2 by an application for a continuance, and that relief could be had under section 4 only in a case where decree had been entered at the time of the effective date of the act. The court in considering said sections 2 and 4 states that, if on the effective date of the act no decree had been entered, relief must be had under section 2, but, if decree had been entered on June 2, 1933, then relief must be had under section 4.

The wording of the Iowa Moratorium act is quite different than the wording of the Michigan Moratorium act. Chapter 179, Forty-fifth General Assembly, is a separate enactment providing for the extension of the period of redemption of real estate, and section 1 reads:

"Section 1. In any action, for a real estate foreclosure of a mortgage or a deed of trust, which has been commenced in any of the courts, and in which a decree has been *or may hereafter be entered,* but the redemption period, as now provided, has not expired, upon application of the owner or owners of such real estate, the court shall," etc.

Under this chapter, the redemption period may be extended in an action in which a decree is entered *after* the effective date of the act, which was March 18, 1933. In this case the decree was entered March 23, 1934, and after the effective date of said chapter 179. Furthermore, the applicant, Julius, signed his application for an extension of the redemption period under chapter 110 of the Forty-sixth General Assembly. We do not believe the legislature intended to deprive an owner of relief under chapter 179 by reason of his failure to proceed under chapter 182 of the Forty-fifth General Assembly.

The district court did not abuse its discretion in granting an extension of the period of redemption to the owner, L. E. Julius, who resides on this farm as his homestead, and the order

of the trial court granting an extension of the period of redemption of March 1, 1937, is affirmed.—Affirmed.

DONEGAN, C. J., and MITCHELL, KINTZINGER, PARSONS, HAMILTON, RICHARDS, ALBERT, and ANDERSON, JJ., concur.