First Trust Joint Stock Land Bank of Chicago, Appellant, v. Charles Kilpatrick et al., Appellees.

No. 43393.

June 19, 1936.

H. Haehlen, for appellant.

Hart & Hart, for appellees.

Stiger, J.—On June 6, 1923, the defendant, Charles Kilpatrick, and Sadie Kilpatrick, executed their promissory note secured by a first mortgage on 80 acres of real estate to plaintiff in the sum of $5,000 due November 1, 1957.

On March 8, 1935, plaintiff commenced a foreclosure action on the said note and mortgage.

On July 3, 1935, the defendants filed an application for a continuance under chapter 115, Laws of the 46th General Assembly. The plaintiff filed a resistance, and on September 14, 1935, the trial court granted a continuance of the action until March 1, 1937.

The first objection of appellant to the granting of the extension is that the defendants did not do equity in that they

failed to apply the 1934 rent received from the mortgaged premises to payment of delinquent interest and taxes. The defendants had paid all taxes and interest due to May, 1934. This suit was commenced March 8, 1935, and the appellant had no claim to or lien upon the 1934 rent.

Appellant further claims that the applicants failed to do equity because they were owners of 120 acres of real estate in addition to the 80 acres involved in the mortgage, and in the spring of 1935, conveyed 80 acres thereof to their son, Harry Kilpatrick, which conveyance it believes was without consideration. With reference to the conveyance, the plaintiff states that "where a mortgagor has other assets or property and voluntarily transfers the same without applying the proceeds therefrom toward the mortgage indebtedness, he is not doing equity and is not entitled to equitable relief granted under moratorium statutes."

The evidence discloses that applicants owned 120 acres of land in addition to the 80 acres that secured the loan, and in the spring of 1935 they deeded 80 acres of the 120 acres to their son, Harry Kilpatrick. Appellant did not offer to prove the value of the 120 acres or the 80 acres involved in the mortgage.

There was no evidence of the value of the land conveyed, or the consideration for the conveyance. Whether or not the land was encumbered or the son indebted to the parents is not shown by the evidence. The mere fact of the conveyance is of no aid to the appellant. The appellant made no request for additional security at any time, and there is no proof that the applicants are insolvent. Under this record the applicants did not fail to do equity.

Appellant further claims that the applicants are insolvent. No evidence having been offered of the value of the property nor the amount of the indebtedness, the appellant must fail on this objection to the continuance. The appellant alleges that applicants were unwilling to, and had no intention of making a redemption, and that the application was made for the sole purpose of delaying plaintiff in commencing an action to set aside the conveyance of the 80 acres. These claims are not sustained by the evidence.

Appellant's final contention is that the application was not timely in that at the time of the filing of the application the

applicants were in default. The applicants were in default at the time of filing the application.

The application was filed under chapter 115, 46th General Assembly, and there is no requirement therein that the applicants must not be in default at the time of filing an application.

Section 2, chapter 182, of the Acts of the 45th General Assembly provides that,

"The court, upon application of the owner or owners * * * who are defendants in said cause and not in default for want of pleading or appearance shall * * * order such cause continued until March 1, 1935," etc.

No such provision is contained in said chapter 115, 46th General Assembly.

No decree had been entered in the foreclosure suit at the time of filing the application, and the application was timely.

The only evidence offered by appellant was the rental value of the 80 acres involved in the mortgage, the failure of applicants to apply the 1934 rent to the payment of taxes and indebtedness to plaintiff, and the fact of the conveyance of the 80 acres to the son.

The appellant had the burden of showing good cause why the application for a continuance should not be granted. It failed to sustain this burden.

The order of the trial court appealed from is affirmed.— Affirmed.

DONEGAN, C. J., and PARSONS, HAMILTON, ANDERSON, MITCHELL, ALBERT, and RICHARDS, JJ., concur.