FIRST TRUST JOINT STOCK LAND BANK of Chicago, Appellant, v. EDWARD BRIDSON et al., Appellees, FRED DOWDEN, Intervener.

No. 43382.

June 19, 1936.

H. E. Narey, for appellant.

Bedell & Bedell, for appellees.

MITCHELL, J.—On September 14, 1934, the First Trust Joint Stock Land Bank of Chicago filed in the office of the clerk of the district court of Dickinson county its petition, asking for the foreclosure of a certain mortgage on the northwest fractional quarter of section 6, township 99, range 35, Dickinson county, consisting of 167 and a fraction acres. The petition alleged that the installment of principal and interest due November 1, 1932, and all subsequent installments were unpaid; that the taxes were not paid; that there was a balance due on said mortgage of $14,- 276 plus interest. The mortgage involved in this action was originally $15,000, given by the defendants Edward Bridson and Alice Bridson. Subsequently the premises were sold to A. B. Ash. While he had title he executed a second mortgage upon the premises to his father, A. G. Ash, and later conveyed the premises to his father by quit-claim deed. Then the premises were leased by A. G. Ash to the son, A. B. Ash. In June of 1934 the premises were leased by A. G. Ash to his son, A. B. Ash, for the year 1935, and this lease was assigned for a valuable consideration before the commencement of this suit, to one Fred Dowden.

Separate answers were filed by the various defendants. On February 18, 1935, A. G. Ash filed an application for continuance in which he set out that he was the owner of the real estate described in the petition; that while the property had been

rented for the year 1935 and the lease assigned, he would repurchase the lease and was willing that the court fix the amount of rent that the defendant should be required to pay for the use and occupancy of said premises during the period up until March 1, 1937; and asked that the cause be continued as provided in chapter 115 of the 46th General Assembly.

To this application for a continuance a resistance was filed. Hearing was had, in which evidence was offered, and the lower court entered an order, continuing the cause upon condition that the defendant secure a cancellation of the lease for the year 1935 and that rent be paid by the defendant on the basis of one-half of all corn, two-fifths of all small grain raised upon said premises, to be delivered to market without expense to the receiver or landlord, and that the cash rental should be not less than $5 per acre for all other real estate or land not put into crops. One-half of the cash rental was to be paid October first and one-half January first.

Defendant secured the cancellation of the lease for the year 1935, in compliance with the order of court, but the First Trust Joint Stock Land Bank of Chicago was not satisfied with the order entered and has appealed.

It is the appellant's contention that there is a distinction between the moratorium law passed by the 45th General Assembly and that passed by the 46th General Assembly.

This court in the case of Decorah State Bank of Decorah v. Sexton, reported in 220 Iowa 1047, at page 1052, 264 N. W. 41, 43, said:

"We see nothing in these cases that in any way conflicts with the position taken by the district court in this case, and there is no difference practically in the language of the 46th General Assembly's Moratorium Act ch. 115, and that of the Acts of the 45th General Assembly, chapter 182, so the authorities under one would be authority under the other."

This court has held that under the moratorium act the burden rested upon the mortgagee to show good cause why the case should not be continued. It is the claim in the case at bar that the good cause is the fact that the appellee does not agree to account for the rents for the year 1934. With this we cannot agree, for the rents for the year 1934 were disposed of long before this action was commenced, and the appellant had no claim

whatever upon said rents. The record shows that the farm in question is a good one, well improved and well located. That the mortgage against it is in a considerable amount is conceded, but there is no showing that this is one of those hopeless cases where there is no opportunity to refinance the loan. In addition to that, under the order of court the appellant receives the benefits of the rent for the year 1935, which rent was assigned before this suit was commenced. At the time that the appellee asked for the extension he agreed to do equity by going into court and offering to secure cancellation of the lease, and agreed to pay a fair rental for the period that the case was continued. This he did, and the rental fixed by the order, which he must pay for the period of the extension, is the fair rental paid for farms of the same kind in the locality where it is situated. This case is not one of speculation or of appellee having other property or funds from which he might realize money with which to pay the appellant, but is one of those cases where the owner of the land may possibly refinance and save his farm within the statutory period.

It therefore follows that the lower court was right in granting a continuance.

Judgment and decree must be, and it is hereby, affirmed.— Affirmed.

The Chief Justice and all Justices concur.