PRUDENTIAL INSURANCE COMPANY, Plaintiff, Appellant, v. ANNA BECK SCHAEFER et al., Defendants; FRANK HOWARD BECK, Defendant, Appellee.

No. 44142.

April 5, 1938.

Fisher & Fisher, Harold M. Peyton, and Clinton B. Nasby, for appellant.

Warren H. White, for appellee.

Anderson, J.—This action to foreclose a real estate mortgage was commenced in the district court of Lyon County, Iowa, for the April, 1937, term. The action was based on a promissory note for $10,000 dated in 1926, and upon which there was due at the time of the commencement of the action $10,361, with interest from January 1, 1936. The note was secured by a mortgage upon 189 acres of farm land in Lyon County, Iowa. The evidence shows the value of this land to be from fifty to seventy-five dollars per acre. And the evidence shows that the defendant-appellee, Frank Howard Beck, was possessed of farm equipment and livestock of the value of approximately $3,000.

The defendant-appellee filed a motion for a continuance under the provisions of the Moratorium Act, known as chapter 80 of the 47th General Assembly. Resistance was filed to such application and upon hearing the application was granted and the case continued to March 1, 1939, and it is from this order that the plaintiff-appellant appeals.

Under the provisions of the Moratorium Act here involved, a continuance upon the application of the defendant is the rule unless the plaintiff shows by a preponderance of the evidence that the application is not made in good faith or from the entire record it appears that there is no reasonable probability that the defendant will be able to refinance the indebtedness or discharge it in some way during the period of the continuance under the Moratorium Act. The last Moratorium Act also provides that the insolvency of the debtor and inadequacy of the security shall not be sufficient to constitute good cause for refusal to grant a continuance under the act. In the many simi-

lar cases we have recently had to dispose of, showings have been made as to inadequacy of security and also of insolvency of the debtor, and both of these conditions have been earnestly developed in the record and urgently argued as reasons for denying the application of the Moratorium Acts.

In the instant case, however, we have a different angle in the argument. Here the plaintiff contends that the defendant-appellee is not insolvent and argues that, because of the fact that the defendant has approximately three thousand dollars worth of personal property, that he should have encumbered the same for the purpose of raising money to pay the delinquent interests and installments upon the mortgage and thus avoid the commencement of the foreclosure action, and that by reason of the fact that the defendant refused to secure or pay his delinquencies when he had personal property from which he could have done so is evidence of such bad faith on the part of the defendant that should deny to him any benefits under the Moratorium Act. And this is the principal reason advanced by the plaintiff upon which he contends the trial court erred in granting the continuance in this case. The record in reference to this question discloses that the defendant is a man thirty-two years old; that he has lived upon the farm in question all his life and succeeded to its ownership through gift or inheritance from his parents. The record shows that he has paid the interest upon this loan for all of the years up to January 1, 1937, except a small part due January 1, 1936; that the original mortgage was executed in 1926; that he paid all of the taxes for all of the years, including the 1936 taxes; that on January 1, 1937, the defendant was delinquent in the payment of part of the interest due the year prior and all of the interest for the year 1936. It should be noted that this period covered the very lean farm years of the depression when the prices of stock and farm products were at the lowest ebb. The record shows also that during the years 1935 and 1936 disastrous and devastating drouths visited the territory in which this farm is located and that during that year the defendant harvested about 10 bushels of corn on 50 acres of land and obtained from the other land 112 bushels of barley and some very light oats; he had to buy all of the grain he fed his stock during that year; that he would have to buy seed corn and seed oats for the year 1937; and that he would not have enough hay and feed to maintain his stock

during the winter of 1936 and 1937. The defendant's personal property consisted of some horses, cattle, calves, and farm equipment of the approximate value, as we have indicated, of $3,000. The defendant refused to attempt to borrow money upon this personal property or mortgage his crop for the season of 1937 to pay or secure the delinquent interest amounting to approximately $1,000. We can assume a good reason why he should so refuse. From the situation as disclosed by the record, it can be assumed that unless the defendant would conclude to cease farm operations and give up all hope of saving his farm, it would be necessary for him to retain his personal property in order to be able to purchase feed to maintain his stock, seed for the coming farm season, and funds with which to carry on the farming operation for the period during which he asks for the continuance. In the increasing and maturing of his stock and the products from his farm operations he has the only available prospective source through which to realize funds sufficient to pay his delinquencies or to refinance his farm. The trial court, being familiar with this record and having a right to assume the matters that we have just referred to, granted the continuance in this case requiring the defendant to pay at once and in full the 1936 taxes which were due in 1937, which taxes were promptly paid by the defendant, and also appointed a receiver to rent the premises and make provision as to the application of the proceeds.

As we have many times said, in cases of this kind, each case must be determined upon its own peculiar facts and the limited discretion of the trial court will not be interfered with on appeal unless such discretion is clearly abused.

We have considered all of the cases cited by the appellant and none of them as we read them are parallel in their facts with the case at bar. As said by Judge Hamilton in Augustana Pension and Aid Fund v. Nagle, 219 Iowa 1337, 1341, 261 N. W. 771, 773:

"We have read these cases [Federal Land Bank v. Wilmarth, 218 Iowa 339, 252 N. W. 507, 94 A. L. R. 1338, and Butenschoen v. Frye, 219 Iowa 570, 258 N. W. 769] in the light of the evidence and findings of the court in the instant case and the facts in each of said cases are plainly distinguishable from the facts before the court in the case at bar."

Judge Hamilton in the Nagle opinion reviewed the prior decisions of this court and held that the facts in such prior cases were not at all parallel with the facts in the Nagle case. In the Nagle case the facts disclosed that there were eighty acres covered by the mortgage, owned by father and five minor children. The mortgage was for $6,500 and had been foreclosed and the farm sold under the special execution leaving a deficiency judgment of approximately $350. The judgment amounted to $8,423. The value of the farm was variously estimated at from $110 to $150 per acre. The defendant owed, in addition to the amount of the mortgage, $2,600 secured by chattel mortgage. There was a judgment against him for $350; the mortgagee had to pay the taxes for three years prior to the foreclosure. The defendant had purchased an automobile and some furniture on the installment plan and was making payments on his debt to a bank. And, under this situation and statement of fact, this court said, speaking through Justice Hamilton:

"It cannot be said under the evidence in this case that there is no possibility that these owners will not be able to either sell this farm at a price above the mortgage indebtedness or refinance the same within the period of extension. \* \* \*

"We are unable to see under the record in this case wherein the court abused its discretion in granting the extension and the order of the court is accordingly affirmed."

■■■ We have repeatedly held that under the plain wording of the statute and the rule established by our decisions the defendants, as a matter of law and equity, are entitled to a continuance unless good cause is shown to the contrary, and this burden is upon the plaintiff. Reed v. Snow, 218 Iowa 1165, 254 N. W. 800; Connecticut Gen. Life Ins. Co. v. Roth, 218 Iowa 251, 254 N. W. 918; Mudra v. Brown, 219 Iowa 867, 259 N. W. 773; Augustana Pension and Aid Fund v. Nagle, 219 Iowa 1337, 261 N. W. 771; Prudential Ins. Co. v. Brown, 221 Iowa 31, 265 N. W. 153; Anderson v. Fall, 221 Iowa 24, 265 N. W. 165; First Trust Joint Stock Land Bank v. Merrick, 221 Iowa 585, 266 N. W. 279; Mutual Trust Life Ins. Co. v. Dean, 221 Iowa 591, 266 N. W. 282; Metropolitan Life Ins. Co. v. Van Alstine, 221 Iowa 763, 266 N. W. 514; First Trust Joint Stock Land Bank v. Kilpatrick, 221 Iowa 993, 267 N. W. 688; First Trust Joint Stock Land Bank v. Bridson, 221 Iowa 1302, 268 N. W. 25;

First Trust Joint Stock Land Bank v. Riddle, 221 Iowa 1313, 268 N. W. 45; First Trust Joint Stock Land Bank v. Jelsma, 221 Iowa 1191, 268 N. W. 76; Replogle v. Ebert, 223 Iowa 1007, 274 N. W. 37; First Trust Joint Stock Land Bank v. Albers, 224 Iowa 865, 277 N. W. 451.

We are inclined to the conclusion under this record that with the promising years of 1937 and 1938 and the situation and circumstances shown in this record, that the defendant will be able to either refinance and re-establish the indebtedness upon his farm or sell the same for an amount in excess of the indebtedness and that the appellant has not shown that the application for the continuance was not made in good faith. We conclude that the trial court did not abuse his discretion in extending the period of redemption and an affirmance must follow.—Affirmed.

STIGER, C. J., and KINTZINGER, MITCHELL, RICHARDS, DONEGAN, HAMILTON, SAGER, and MILLER, JJ., concur.